THOMAS LOVELESS

*v.*

PRISCILLA THOMAS *et al.*

*Filed at Ottawa October 29, 1894.*

1. HOMESTEAD—*waiver*—*printed clause of deed overcome by written por-tion.*   If the written portion of a deed describes a particular inter-est, distinct from the homestead, as being conveyed, such writing will be given effect, rather than the unerased printed clause waiv-ing homestead.

2. SAME—*abandonment not conclusively presumed from short absence.*   While the re-marriage of a widow, and removal to the home of her second husband, raise a presumption of abandonment of her home-stead, yet such presumption will yield to explanatory proof showing the removal was meant to be temporary.

APPEAL from the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

Messrs. KAY & KAY, for the appellant:

Whether a homestead has been abandoned is a question of fact and intention, under all the circumstances. *Potts* v. *Davenport*, 79 Ill. 455.

It is an abandonment unless the removal is for a temporary purpose. *Kenley* v. *Hudelson*, 99 Ill. 493; *Hayes* v. *Hayes*, 74 id. 312; *Potts* v. *Davenport*, 79 id. 455.

The wife cannot reclaim the homestead by returning after a separation from her husband. *Phillips* v. *Springfield*, 39 Ill. 83.

Upon the death of the father the mother becomes the head of the family, and by abandoning the homestead deprives the children of the homestead right. *Sheppard* v. *Brewer*, 65 Ill. 383; *Wright* v. *Dunning*, 46 id. 271; *Buck* v. *Conlogue*, 49 id. 391; *Clubb* v. *Wise*, 64 id. 157; *Brown* v. *Coon*, 36 id. 242.

When Mrs. Williams married Samuel Thomas he became the head of the family and had a right to control her residence. *Vasey* v. *Trustees*, 59 Ill. 188; *Cahill* v. *Wilson*, 62 id. 137.

Marrying Thomas and going to live with him on his farm at his homestead were an abandonment of her former homestead. *Buck* v. *Conlogue*, 49 Ill. 391.

She cannot have two homesteads. By leaving her own and going to live with her husband on his she abandoned her own. *Herdman* v. *Cooper*, 138 Ill. 583.

A party cannot have two homesteads at the same time. *Tourville* v. *Pierson*, 39 Ill. 446; *Raber* v. *Gund*, 110 id. 581; *Henson* v. *Moore*, 104 id. 403; *Sanford* v. *Finkle*, 112 id. 446; *Jarvis* v. *Moe*, 38 Wis. 440; *Davis* v. *Kelley*, 14 Iowa, 526; *Wright* v. *Dunning*, 46 Ill. 271.

Mr. F. P. MORRIS, and Mr. F. L. HOOPER, for the appellees:

No deed shall be construed as releasing or waiving the right of homestead unless the same shall contain a clause expressly releasing or waiving such right. Conveyance act, sec. 4.

In order to make a release, waiver or conveyance of a homestead effectual as against the person entitled to the exemption or estate, the requirements of the statute, both as to the terms of the deed and the acknowledgment, must have been complied with. *Gage* v. *Wheeler*, 129 Ill. 198; *Kingman* v. *Higgins*, 100 id. 319; *McMahill* v. *McMahill*, 105 id. 600; *Black* v. *Lusk*, 69 id. 70.

The waiver in the deed must be clear and express. *Kitchell* v. *Burgwin*, 21 Ill. 45; *Vanzant* v. *Vanzant*, 23 id. 492; *Smith* v. *Marc*, 26 id. 156; *Redfern* v. *Redfern*, 38 id. 512; *Hutchins* v. *Huggins*, 59 id. 29; *Best* v. *Gholson*, 89 id. 465; *Boyd* v. *Cudderback*, 31 id. 113.

Where a printed form is used, the written part will control. *Express Co.* v. *Pinckney*, 29 Ill. 392; *People* v. *Dulaney*, 96 id. 503; 1 Warevelle on Vendors, 137.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was a bill filed in the circuit court of Iroquois county, for partition and assignment of dower, by appellant. Robert L. Williams died intestate, seized of the lands in question, leaving Priscilla, his widow, and six children, surviving him. Appellant obtained title to the interests of certain of the children, and filed this bill for partition and assignment of dower. It was alleged that Priscilla had, subsequently to the death of Robert L. Williams, intermarried with one Samuel Thomas, and, with her two minor children, Robert and Elihu Williams, removed to the residence of her husband, Samuel Thomas, thereby abandoning and relinquishing all her rights of homestead in the premises described in the bill. Priscilla Thomas answered, claiming dower and homestead, and denying that she had abandoned or relinquished her right of homestead. On the hearing the circuit court entered its decree ordering the assignment of dower and homestead to her, and that partition be made among the complainant and defendants owning the fee. From that decree complainant below prosecutes this appeal.

The only error assigned is, that the court below erred in decreeing homestead to appellee Priscilla Thomas. It seems that one of the daughters of Robert L. Williams conveyed her interest to her mother, Priscilla, and afterwards deeded the same interest to William Misch, appellant's grantor. On the 26th of March, 1890, the mother made a deed to Misch, in the body of which the whole of the land was described and conveyed, but concluding as follows : "Hereby releasing and waiving all right under and by virtue of the homestead exemption laws of this State, meaning hereby to convey to grantee only all interterest I may have in and to the interest in said lands formerly held by Rosella Rains (formerly Rosella Williams) in and to said lands as heir-at-law of Robert L. Williams."

It is first contended that by this deed all right of homestead was relinquished. A sufficient answer to this position would be, that no such claim is made by the bill. The only reason attempted to be set up in the bill why homestead should not be allowed is that it had been abandoned. But, waiving that answer, it is too clear for argument that the clauses of the deed above quoted, taken as a whole, are not a waiver of homestead. It appears that the deed was made on a blank form with the usual release of homestead, which was not stricken out, but the grantor states that the conveyance is not to release homestead rights, but to convey a particular interest, only. Where a printed form is used, and is filled out in writing. the written part will control in construing the contract. *American Express Co.* v. *Pinckney,* 29 Ill. 392 ; *People* v. *Dulaney,* 96 id. 503.

It is also insisted that there was, as shown by the evidence, an abandonment of any homestead rights appellee Priscilla Thomas may have had. It does appear from the evidence, and the fact is not denied, that after the death of Williams appellee Priscilla Thomas intermarried with Samuel Thomas, and with her younger children moved to his residence in the same neighborhood, but it also

appears that she afterwards, within about five months, moved back on the premises in question, and was residing there at the time this bill was filed. The argument of counsel for appellant seems to proceed upon the theory that she ought, by her marriage to Thomas and removal with him to his home, to be conclusively presumed to have intended to give up her former residence and to have abandoned the homestead. In the absence of all explanatory proof that conclusion would doubtless obtain, yet we do not think such marriage and removal can be held conclusive. Here, it is claimed by appellee Priscilla Thomas that she did not intend to live permanently at her husband's home, but expected to induce him to remove to the homestead in question; that she left a portion of her household effects there, and did not even unpack all of those which she removed. No good purpose would be served by an extended review of the testimony. It can not, we think, be said that, considered as a whole, it so clearly supports the allegations of the bill as to an abandonment of the homestead, that the finding and decree of the circuit court should be set aside. Neither appellant nor his grantor, Misch, was misled to his injury by appellee Priscilla Thomas' conduct. She had left her husband and returned to her former home long before either of them acquired any interest in the land, and if they did not know that she then claimed it as her home, they could have readily obtained knowledge of the fact by asking her.

The decree of the circuit court will be affirmed.

*Decree affirmed.*