### JACOB GOMPRECHT et al. *v.* DUNLEER COMPANY.
[No. 5, April Term, 1933.]

*Decided April 21st, 1933.*

654

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Myer Rosenbush,* submitting on brief, for the appellant.

*William D. Macmillan,* with whom were *Lawrence Perin* and *Semmes, Bowen & Semmes* on the brief, for the appellee.

DIGGES, J., delivered the opinion of the Court.

The single point raised on this record is the correctness of the court's overruling a demurrer to the appellee's declaration as supplemented by its bill of particulars demanded by the appellants. The suit was instituted by the appellee to recover six months' rent for premises located at Dundalk, Baltimore County, Maryland, and occupied by the appellants from February 1st, 1929, to January 31st, 1931, under the provisions and terms of a lease executed by the parties on January 22nd, 1929; the appellants (hereinafter called tenants) having removed from and vacated the property on January 31st, 1931, without any notice having been given by either party of their determination to terminate the tenancy. The lease was filed, and appears in the record, as a part of the bill of particulars.

The solution of the question before us depends upon the construction of the lease, a part of which was typewritten and the remainder printed. It is contended by the tenants that there is an irreconcilable conflict or repugnancy between the typewritten and printed portions, in which case the provisions of the typewritten portion control and must be given effect. Assuming the correctness of the contention that these parts of the lease are in irreconcilable conflict, there can be

no doubt as to the law applicable being as contended for by the tenants, and which is admitted by the appellee (hereinafter called landlord). *Brantly on Contracts* (2nd Ed.), p. 292; *Loveless v. Thomas,* 152 Ill. 479, 38 N. E. 907; *Clark v. Woodruff,* 83 N. Y. 518; *Thornton v. Sheffield & B. R. Co.,* 84 Ala. 109, 4 So. 197; 13 *C. J.* 536, sec. 498; 6 *R. C. L.* 847, sec. 237; *Williston on Contracts,* sec. 622; *Schapiro v. Chapin,* 159 Md. 418, at page 422, 151 A. 44. While this is the rule which must be applied in cases of irreconcilable repugnancy between typewritten and printed portions of an agreement, it is equally established that where the written and printed parts may be reconciled by any reasonable construction, as by regarding one as a qualification of the other, that construction must be given, because it cannot be assumed that the parties intended to insert inconsistent provisions. It is the imperative duty of courts to give effect, if possible, to all the terms of an agreement; the whole instrument must be considered, and a construction not confined to one or more clauses detached from others. *Supra.* In *Williston on Contracts, supra,* the author, after stating the rule as above, adds: "But of course, if the printed and written matter can, by any reasonable construction, be reconciled, this will be done." In 13 *C. J., supra,* it is said: "But where the antagonism is merely apparent, the difference should be reconciled, if possible, by any reasonable interpretation"; and cases cited in note. In 6 *R. C. L., supra,* it is said: "The general rule is resorted to only from necessity, when printed and written clauses cannot be reconciled." *Kratzenstein v. Western Assurance Co.,* 116 N. Y. 54, 22 N. E. 221. In the case of *Harper v. Hochstim* (C. C. A.), 278 Fed. 102, 104, it was said: "It cannot be doubted that it is only when parts of a written agreement are so radically repugnant that 'there is no rational interpretation that will render them effective and accordant that any part must perish.' *Rushing v. Manhattan Life Ins. Co.,* 139 C. C. A. 520, 224 F. 74." From the authorities cited, it is apparent that, if there is irreconcilable conflict between the typewritten and printed portions of the lease being construed, the type-

written portion must control and be given effect, and the printed portion disregarded to the extent of the repugnancy. If, on the contrary, there is a rational and reasonable interpretation of the whole instrument which would harmonize and make effective all of its provisions, we are required to give it that construction.

The lease provides:

"That said lessor" (appellee) "doth hereby lease unto said lessee" (appellants) "and said lessee doth hereby hire and take for the purpose of conducting therein (but for no other purpose) a general house furniture and furnishing business, such as the lessee conducts at 316 N. Eutaw Street, Baltimore, Md., all that store premises at Dundalk, Md., being store rooms numbers 9, 10 and 11, in the Dunleer Apartment Building and known as numbers 57, 59 and 61, Shipping Place, for the term of two (2) years beginning on the 1st day of February, 1929, and ending on the 31st day of January, 1931, at the rental of two hundred and twenty-five dollars ($225) per month for the first year and two hundred and thirty-five dollars ($235) per month for the second year payable to said lessor monthly in advance on the first day of each and every month, at such place as said lessor may from time to time direct, without demand made therefor."

The two particular provisions which are claimed to be in conflict or repugnant, the first of which is typewritten and the second printed, are as follows:

"(1) Lessor gives and grants to the lessee the right and privilege of an additional term of three (3) years, upon the same terms and conditions, except that the rental shall be at the rate of two hundred and seventy-five dollars ($275) per month; provided, however, that this right and privilege shall become void unless the lessee shall give to the lessor, on or before November 1, 1930, notice, in writing, of lessee's intention to renew the lease; the receipt of such notice, with the lessor's acknowledgment thereof, in writing, shall constitute the renewal. (2) That either party hereto may

terminate this lease at the end of said term, by giving the other written notice thereof at least three months prior thereto, but in default of such notice this lease shall continue upon the same terms and conditions as are herein expressed for a further period of one year and so on from year to year unless or until terminated by either party giving to the other three months' written notice for removal previous to the expiration of the then current term."

Neither of the parties gave notice to the other of intention to terminate the lease as provided in the printed section; nor did the tenants exercise the right or privilege granted them by the typewritten portion of the lease quoted. In this situation the tenants vacated and moved from the property on January 31st, 1931, the date of the expiration of the term designated in the lease. The tenants' contention is that the typewritten portion of the lease has the effect of obliterating and rendering of no effect the printed portion because of their repugnancy, and, that being true, they were at liberty to vacate at the expiration of the original two-year term. The landlord's contention is that these two provisions are not repugnant, and that the tenants having failed to give notice to terminate as provided in the printed portion, within the time therein stated, after the expiration of the original two-year term they became tenants from year to year, which tenancy would continue unless notice of intention to terminate the tenancy by either of the parties be given to the other party in accordance with the explicit provisions contained in the printed section.

We are of the opinion that the construction contended for by the appellee is a rational interpretation, giving effect to the whole contract, and must be adopted. This contract created a lease for a definite term of two years, and further provided that, unless written notice be given by either of the parties to the other, at least three months before the expiration of that term, of an intention to terminate, such non-action would create, after the expiration of the original term, a tenancy from year to year, to continue until termi-

nated by the required notice given by either of the parties. Such would be the clear and undoubted effect of the lease without considering the typewritten portion. That portion extends an option or privilege to the tenants to renew or extend the lease for an additional period of three years, upon the same terms and conditions, except that the rental is increased, "provided, however, that this right and privilege shall become void unless the lessee shall give to the lessor, on or before November 1st, 1930, notice, in writing, of lessee's intention to renew the lease." So that, giving effect to all of the provisions of the lease, upon its execution, the tenants were entitled to obtain two results by affirmative action on their part, and a third result by nonaction on their part, namely: First, they could have terminated the tenancy fully and effectively by giving to the landlord three months' notice, in writing, of that purpose; second, they could have extended the lease for an additional period of three years, upon the same terms and conditions, except at an advanced rental, by giving notice to the landlord of their intention so to do, on or before November 1st, 1930; and third, by their non-action, coupled with that of the landlord, there would have been created, at the end of the original two-year term, a tenancy from year to year, upon the monthly rental being paid at the time of the expiration of the original two-year period. Upon the execution of the lease the landlord could, by his action in giving the required notice, terminate the lease at the expiration of the two-year period; and his non-action, coupled with the non-action of the tenants, would result in the tenancy from year to year as above stated. Both parties failed to take any action looking either to termination or renewal; and from this non-action there arose, at the expiration of the original two-year period, a tenancy from year to year.

It has been suggested that the landlord was entitled to give notice of his determination to terminate the lease on or before three months prior to the expiration of the two-year term, and if this was done it would defeat the right of the tenants to exercise their privilege of the three-year renewal.

In our opinion, it could have no such result, because the effectiveness of the notice given by the landlord, in the method and at the time suggested, would necessarily be contingent upon the tenants' failure to exercise their privilege of renewal.

If the tenants desired to be released from a continuation of the tenancy after the expiration of the original two-year period, they could have accomplished this by the clearly set forth and simple expedient of giving the required notice to the landlord. Failing to do this, they alone are responsible for the existence of the obligation to pay the rent, even after they have vacated and removed from the premises.

There was no error in the order of the lower court overruling the demurrer; and the judgment appealed from must be affirmed.

*Judgment affirmed, with costs.*