## SUPREME COURT.

### COOK agt. NEWMAN AND SCHOEN.

*A good cause of action for breach of promise of marriage,* is not a *debt,* recoverable out of defendant's premises, under the Homestead Exemption Act, passed April 10, 1850—*judgment* having been recovered *subsequent* to the filing of notice by defendant under that act, the promise and the breach having occurred previous thereto.

The sheriff's certificate of sale under such a judgment, creates a *cloud* upon the title of the premises, which the court may remove.

*Onondaga Special Term.* The facts of the case appear in the opinion of the court.

N. F. GRAVES, *for Plaintiff.*

I. The promise to marry and its breach did not create a debt. It could not have become a debt until after judgment. (19 *Wend.* 75; 11 *Paige,* 183; 1 *Peter's* 213; 1 *Pick.* 77; 14 *East,* 198, 208; 5 *Taunt.* 779.)

II. The sheriff's certificate makes a cloud upon the title which the court will set aside. (2 *R. S.* 467; 9 *Paige,* 388; 6 *Barb.* 605; 5 *Paige,* 493.)

J. R. & J. R. LAWRENCE, JR., *for Defendants.*

PRATT, Justice.—On the 3d day July, 1852, the defendant, Amelia Newman, recovered a judgment against the plaintiff for $369,14, in an action for a breach of promise of marriage, and sold the premises of plaintiff, to satisfy it, on the 15th day November thereafter; to defendant, Schoen. The plaintiff was a householder, and as such, in the actual occupancy of the lot sold. Previous to the recovery of the judgment and the commencement of the suit, but subsequent to the breach of promise for which the action was brought, the plaintiff being then a householder, filed the requisite notice to entitle the premises to be exempted as a homestead under the act of April 10th, 1850. This action is brought to set aside the sale and sheriff's certificate.

Two questions arise in this case : 1st. Was the land liable to be sold to satisfy the judgment? And if not, did the sale and execution of the sheriff's certificate create such a cloud upon the title as to call for the interposition of the equitable powers of this court to remove it?

The first point turns upon the question whether a party who has a good cause of action for a breach of promise of marriage, has a debt against the delinquent party to the contract, within the meaning of the last clause of the second section of the act. The language of this provision is, "But no property shall, by virtue of this act, be exempt from sale for non-payment of taxes or assessments or for a debt contracted for the purchase thereof, or prior to the recording of the aforesaid deed or notice."

Is such a cause of action a debt within the meaning of that provision? It seems to me clearly that it is not. Although the action is founded on contract, so far as form is concerned, yet, it is substantially an action of *tort*. It is purely a personal wrong, as much so as an action for assault and battery or slander. The damages are not assessed as damages growing out of a loss of property, but rather as a compensation for a personal wrong. They are frequently vindictive as well as compensatory. In fine, in every particular, except in the mere form of pleading, it follows the analogy of an action of tort.

Hence, in Chamberlin agt. Williamson, (2 *M. & S.* 408,) it was held that it did not survive to the administrator. So in Stebbins agt. Palmer, (1 *Pick.* 71,) it was held that the cause of action did not survive against the personal representative. So it has been held not to be a debt which would enable a person to be a petitioner under the Bankrupt Law. *Ex parte* Charles, (14 *East.* 208 ; 5 *Taunton*, 779.)

And in a late case in this court, sitting in the sixth district, it was decided that the cause of action was not assignable. Our own statutes treat it as a tort, and it was therefore made an exception under the act to abolish imprisonment for debt.

Secondly, was the the sale and sheriff's certificate such a cloud upon the title as to authorize this court to interpose to

remove it.   This should be considered in connection with the probability of its being followed up by a sheriff's deed.

The rule in such case I understand to be, that when the defect appears upon the face of the proceedings through which the adverse party can alone claim title to the complainant's land, there is not such a cloud upon the title as to authorize the interposition of the court to remove it.   But when such claim is valid upon the face of the proceedings, and the instrument sought to be set aside, so that it is necessary to resort to extrinsic evidence to establish its validity, the court may interfere to set the proceedings and instrument aside, and remove the cloud from the title.   Cox agt. Cleft, (2 *Comstock*, 118 ;) Van Doren and others agt. The Mayor of New York, (9 *Paige*, 388.)

In this case there is no defect apparent upon the face of the proceedings under which Schoen claims.

The exemption of the land from sale, upon execution, depends not only upon the exemption notice filed and recorded, but upon the fact that the plaintiff, at the time of sale was a householder, having a family in the actual occupation of the premises.   To prove these facts not only extrinsic evidence is necessary, but evidence which by the nature of things rests in parol, and is therefore liable to be lost.   It comes therefore within the rule and constituted such a cloud upon the title as to call for the exercise of the equitable powers of the court to remove it.

Judgment for plaintiff with costs.