■ DONNA FONTANA, Appellant, v ANTHONY R. FONTANA, Respondent. — In a matrimonial action, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Wood, J.), dated September 18, 1981, which continued a temporary restraining order, (2) from so much of a further order of the same court, dated November 10, 1981, as enjoined her from taking any action to sell defendant's interest in the marital residence and vacated a property execution against said interest, and (3) from so much of a third order of the same court, dated December 28, 1981, as failed to reinstate the property execution against the defendant's interest in the marital residence. Appeal from order of September 18, 1981 dismissed. Said order was vacated and superseded by the order dated November 10, 1981. Order of November 10, 1981 reversed insofar as appealed from, on the law and the facts, and the property execution against defendant's interest in the marital premises is reinstated. Appeal from the order dated December 28, 1981 dismissed in light of our determination on the appeal from the order dated November 10, 1981. Plaintiff is awarded one bill of $50 costs or disbursements. Plaintiff wife obtained a money judgment against defendant, representing arrears in child support payments for which plaintiff was granted execution thereof. In the order dated November 10, 1981, Special Term vacated a property execution on defendant's interest in the marital premises on the ground that plaintiff failed to comply with CPLR 5206 (subd [e]). That section provides the procedural mechanism for the sale of a homestead exceeding $10,000 in value. An examination of the facts herein, however, indicates that defendant is not entitled to the homestead exemption. CPLR 5206 (subd [a]) provides in substance that property owned and occupied as a principal residence is exempt from application to the satisfaction of a money judgment. Subdivision (c) further provides that the "homestead exemption ceases if the property ceases to be occupied as a residence by a person for whose benefit it may so continue". Defendant vacated the marital premises on April 11, 1979 and presently resides in California. Inasmuch as he does not occupy the property as his principal residence he is precluded from invoking the homestead exemption to prevent plaintiff from enforcing her money judgment against him (see *Matter of Galcia,* 59 Misc 2d 511, 514; 40 Am Jur 2d, Homestead, § 72). Accordingly, plaintiff was not required to comply with subdivision (e) of CPLR 5206. Damiani, J. P., Titone, Lazer and Gibbons, JJ., concur.