**In re Phillip E. WARREN, Debtor.**

**Bankruptcy No. 83 01092.**

United States Bankruptcy Court,
N.D. New York.

April 6, 1984.

Michael J. Balanoff, Syracuse, N.Y., trustee.

Leroy Natanson, Attorney for Debtor, North Syracuse, N.Y., for debtor.

MEMORANDUM-DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

LEON J. MARKETOS, Bankruptcy Judge.

On October 17, 1983, Phillip E. Warren (hereinafter, the Debtor) filed a petition for relief from creditors pursuant to Chapter 7, Title 11, U.S.C. (hereinafter, the Code). On November 30, 1983, Michael J. Balanoff (hereinafter, the Trustee) filed an objection to the Debtor's claimed homestead exemption in real property located at 6406 Mud Mill Road in Brewerton, New York (hereinafter, the Property), on the ground that the Property is not occupied by the Debtor as his principal residence.

The Debtor concedes he has not lived on the Property for approximately one year before the date of his bankruptcy petition. Throughout the period in question, however, the Debtor's wife and daughter have occupied the Property as their residence. The Property was purchased in 1976 by the Debtor and his wife as tenants by the entirety. In addition, the Debtor paid all the mortgage payments up to the date he filed for Chapter 7 relief.

The Debtor asserts that about one year pre-petition, he and his wife agreed the Debtor should temporarily move out of the Property and reside at rental premises located at 9064 Beach Road in Brewerton, New York until they could work out certain marital problems. The Debtor contends that numerous items of his personal belongings still remain on the Property. It is the position of the Debtor that he has continuously treated the Property as his principal residence and that he is only renting the Beach Road premises on a temporary basis. The Debtor avers that the Property is exempt property of the estate pursuant to N.Y. CPLR § 5206 (McKinney 1980).

It is the position of the Trustee that the Property is not the Debtor's principal residence as he did not actually occupy the premises for one year prior to the date of the Debtor's petition for relief. The Trustee notes that the Debtor, in his petition, claimed ownership of the Property which he claims as exempt, but the Debtor stated he resides at the rental premises located on Beach Road. The Trustee, therefore, contends in his complaint that N.Y. CPLR § 5206 (McKinney 1980) requires "actual occupancy" of the premises claimed as exempt and that as the Debtor admits he did not actually reside on the Property as of the date of the Petition, the Debtor must be denied his claimed homestead exemption.

DISCUSSION

The viability of claimed personal bankruptcy exemptions are to be determined as of the filing date of the Debtor's petition for relief. *In re Cameron,* 25 B.R. 119, 120 (Bkrtcy.W.D.Ohio 1982). Therefore, the issue presented for determination by the Court is whether a debtor who does not actually occupy the marital residence himself on the date he filed his petition for

relief, but whose spouse and daughter reside and occupy the premises at such time, may claim the premises as a homestead exemption within the context of his Chapter 7 bankruptcy proceeding.

The outcome of this proceeding turns on the interpretation of § 5206 of N.Y. CPLR, which pertinently provides as follows:

"(a) Exemption of homestead. Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances, *owned and occupied as a principal residence,* is exempt from application to the satisfaction of a money judgment, . . .:

1. a lot of land with a dwelling thereon, . . ." (Emphasis added).

The legislative history to this section provides no guidance to the Court in disposing of the instant issue. Although the Debtor's attorney failed to argue the point in the papers submitted, the Court finds that the Debtor will be permitted to claim the Property as his homestead exemption, pursuant to § 5206, as said exemption extends to real property on which a member of the Debtor's immediate family resides.

In *In re Thomas,* 27 B.R. 367 (Bkrtcy.S.D.N.Y.1983), the court directly addressed the identical issue as presented in the instant case. In *Thomas,* the facts were as follows: The debtor was a wife who, five months before the date her bankruptcy petition was filed, left her home in order to separate from her husband who previously injured and abused her and was threatening to repeat such occurrences. In her petition, the wife/debtor claimed the marital residence as her homestead exemption pursuant to N.Y. CPLR § 5206. Thereafter, the Trustee filed an objection to her claimed exemption. The court's holding, which permitted the wife/debtor to claim her homestead exemption, was based on two alternative grounds:

1. The court invoked its' equitable powers holding it would be unjust to disallow the wife her claimed exemption when, the husband, if he desired to file for bankruptcy, would be permitted to claim the real property as exempt, however, it was his actions which would prevent the wife/debtor from claiming the premises as exempt. *Id.* at 370–71; and

2. The court held the wife/debtor "could claim her homestead exemption on the basis that the property was occupied by a member of her family, i.e., her husband." *Id.* at 371.

In regard to the second ground of the *Thomas* rationale, the court relied on the recent New York case of *First Federal Sav. and Loan Ass'n of Rochester v. Brown,* 78 A.D.2d 119, 434 N.Y.S.2d 306, 310 (Sup.Ct.1980) whereby the court stated "[t]he [CPLR § 5206] exemption of the land comprising the homestead is only an exemption from sale or execution *while the premises are occupied by the debtor or his family,*" [referring to a judgment debtor] (emphasis added). Further support for this position is derived from the case of *Michaels v. Chemical Bank,* 110 Misc.2d 74, 441 N.Y.S.2d 638 (Sup.Ct.N.Y.Cty.1981) whereby the court stated "[t]he homestead exemption [referring to CPLR § 5206] historically has been intended to protect the family of a judgment debtor by exempting his home from execution on an outstanding money judgment." 441 N.Y.S.2d at 640.

In his papers, the Trustee cites two cases which he alleges stand for the proposition that the Debtor must actually reside on the premises to invoke the New York homestead exemption. In *In re Galcia,* 59 Misc.2d 511, 299 N.Y.S.2d 723 (Surr.Ct.N.Y.Cty.1969) a decedent's estate brought an action against the Department of Social Services in which the question presented was whether the Department properly exempted the value of a homestead when it calculated the decedent's eligibility to receive medical assistance to help pay for medical services rendered to him. The court defined homestead to mean the property which was actually occupied at the time the medical services were rendered. 299 N.Y.S.2d at 726. The court denied the claimed homestead exemption as it found the property was a summer vacation home which was only periodically occupied by the decedent, and that the decedent had actual-

ly resided in another location at the time the medical services were rendered.

The present case is distinguishable from *Galcia,* as the Debtor owns and had actually occupied the Property as his homestead for at least six years until he and his wife agreed the Debtor should temporarily re-locate. However, more importantly, there was no discussion in *Galcia* of whether the decedent in that case would have received the homestead exemption if he had family members who actually resided on the subject property. In the instant case, since the time the Property was purchased, it has been used by members of the Debtor's immediate family as their residence, i.e., the Debtor's wife and daughter, therefore, the *Galcia* holding is not persuasive to the case at bar.

The Trustee also cites *Fontana v. Fontana,* 89 A.D.2d 843, 453 N.Y.S.2d 23 (Sup. Ct.1982) as authority for his position. In *Fontana,* the court denied a homestead exemption to a defendant/husband living in California who was claiming a homestead exemption in real property located in New York. His wife had obtained a money judgment for child support arrears, which she sought to execute on the New York real estate. The court denied the defendant/husband's claimed exemption indicating that the defendant/husband had left the subject property at least two and one-half years prior, and that inasmuch as the defendant/husband did not occupy the premises, he is precluded from claiming the homestead exemption to prevent his wife from executing her judgment for the delinquent support payments. 453 N.Y.S.2d at 24.

*Fontana* is also distinguishable from the case at bar. In *Fontana,* the defendant had departed the premises and the state for two and one-half years. It is apparent that the defendant/husband possessed no intention to return to the subject property to reside. In the instant proceeding, the Debtor left the premises for about a year on a voluntary and temporary understanding with his wife. In addition, the Debtor moved to a location in the same city as his wife and daughter. Moreover, *Fontana* fails to specifically address the instant issue, i.e., there is no consideration of whether any of the defendant/husband's immediate family members still resided on the premises. Finally, ostensibly, the main reason for the court's holding in *Fontana* is that claims for child support are not the type of claims which are defeated by invoking statutory exemptions. *Jackson v. Jackson,* 194 Misc. 134, 86 N.Y.S.2d 516 (Sup.Ct.1948). Therefore, even if the defendant/husband in *Fontana, supra,* had qualified for his claimed homestead exemption, such exemption under New York law would not have been effective against the wife's claim for past due child support.

Consequently, in order to properly effectuate the purpose and function of the New York homestead exemption, and to prevent an inequitable injury to the Debtor and his family, the exemption claimed by the Debtor will be allowed, as the New York homestead exemption extends to protect real property owned by the Debtor and occupied as a principal residence by the Debtor or members of the Debtor's immediate family.

IT IS SO ORDERED.