## In re Robert E. PEARLMAN, Debtor.

### Bankruptcy No. 84 B 11215 (TLB).

United States Bankruptcy Court,
S.D. New York.

Oct. 28, 1985.

Mitchell I. Sonkin, New York City, for debtor.

Shaw, Goldman, Licitra, Levine & Weinberg, P.C., by Sarah Keenan, Garden City, N.Y., for trustee.

## DECISION ON TRUSTEE'S MOTION TO STRIKE DEBTOR'S CLAIMED HOMESTEAD EXEMPTION

TINA L. BROZMAN, Bankruptcy Judge.

By Notice of Motion dated November 6, 1984, the Chapter 7 Trustee ("Trustee") seeks to strike the debtor's claimed homestead exemption and direct the debtor, Robert Pearlman, to amend his Schedule B-4 to reflect that disallowance. The Trustee asserts that a cooperative apartment currently inhabited not by the debtor but by the debtor's wife and two children, is not within the purview of section 5206(a) of the New York Civil Practice Law and Rules (C.P.L.R.), which law is governing.

The facts of this case are not in dispute. The debtor and his wife had been having marital difficulties which led to a brief separation. In or about May 1984, they attempted a reconciliation in furtherance of which they executed an agreement ("Agreement") purporting to transfer to the wife the husband's interest in a cooperative apartment located at 400 East 56th Street in New York City. In exchange and pursuant to the Agreement, the debtor's wife agreed to co-sign for a loan, the proceeds of which were to pay off their marital debts which had apparently been a crushing burden to them. The Agreement also provided that the debtor's wife, on two weeks' written notice, could require the debtor to vacate the premises. The wife apparently never co-signed the loan as agreed but in fact made a written request on June 7, 1984, for the debtor to vacate the premises.[1] The debtor did not vacate until July 26, 1984, some seven weeks later. Since that time he has been residing in another apartment in New York City. The

1. Inasmuch as the wife failed to co-sign the loan, there has been raised as an issue in the ongoing matrimonial proceedings whether there was a failure of consideration for the transfer. Both the Trustee and debtor's counsel offer their arguments based on the premise that the transfer is invalid. This court will proceed to resolve the issue of whether the claimed homestead exemption is proper but does so with the recognition that the ultimate decision as to the vitality of the agreement may entirely preclude the debtor from claiming any homestead exemption respecting this property.

debtor attributes his delay in leaving to his continuing desire for reconciliation and his eventual departure to his belief that his continued presence in the marital abode was psychologically harmful to his children and himself. Subsequent to the debtor's departure the wife obtained a court order permitting her to have the locks changed. Approximately one month later, on August 31, 1984, the debtor filed his chapter 7 petition.

DISCUSSION

The issue before the court is whether the debtor may claim a homestead exemption with respect to a cooperative apartment which he does not occupy but is occupied by his wife and two children. In light of the facts at bar, this court finds the claimed homestead exemption is proper.

In accordance with 11 U.S.C. § 522(b)(1), New York opted out from the federal bankruptcy exemptions. On September 1, 1982, it amended the New York Debtor and Creditor Law with the enactment of Article 10–A which lists the personal bankruptcy exemptions allowed in New York. Section 282 of Article 10–A allows a debtor a homestead exemption in accordance with New York C.P.L.R. section 5206 which exempts from execution for the satisfaction of money judgments certain real property. C.P.L.R. 5206 provides in pertinent part:

> Real Property exempt from application to the satisfaction of money judgments.
> (a) Exemption of Homestead. Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances owned and occupied as a principal residence:
>
> 2. shares of stock in a cooperative apartment corporation....

Subdivision (c) of 5206 goes on to state that "[t]he homestead exemption ceases if the property ceases to be occupied as a residence by a person for whose benefit it may so continue...."

The issue of whether the homestead exemption encompasses property not actually occupied by the claimant of the exemption has been the subject of four court decisions in which the facts peculiar to each case are determinative. Accordingly, we turn to those decisions.

The New York County Surrogate's Court confronted the issue of whether to allow a homestead exemption under the Social Services Law in *In re Estate of Galacia*, 59 Misc.2d 511, 299 N.Y.S.2d 723 (Surr.Ct., N.Y.Cty.1969). In construing N.Y.C.P.L.R. § 5206, the court found the homestead exemption did not embrace property of a decedent which was used as a vacation or weekend retreat. Although the court there noted that this was not the decedent's principal residence, as she did not regularly occupy the property, the court was not faced with the added problem of immediate family members there resident nor was it faced with the possibility that if the exemption were denied, the decedent's immediate family might be evicted. There, the import of the homestead exemption was tied to the decedent's eligibility for medical assistance.

In *Fontana v. Fontana*, 89 A.D.2d 843, 453 N.Y.S.2d 23 (2d Dep't 1982), the court allowed the plaintiff wife to enforce a money judgment for child support against her husband's interest in marital property. That property was not homestead exempt because the husband resided in California, did not maintain the property as his principal residence, and in fact vacated that property some two and one-half years before. Again, this case is clearly distinguishable because the possible eviction of family members was not at issue, the debtor was trying to shield himself from supporting his children and the debtor had vacated the premises long in advance of the attempted execution of judgment.

The two more recent cases construing the homestead exemption emerged in the bankruptcy context and both courts allowed the claimed homestead exemption notwithstanding that the debtor did not actually occupy the homestead property. The situation confronting Judge Schwartzberg in *In re Thomas*, 27 B.R. 367 (Bankr. S.D.N.Y.1983) was that of a marriage between the debtor and her abusive husband. The debtor, in accordance with a separation agreement, vacated the marital residence in

an effort to escape physical and emotional abuse. The court determined it would be inequitable to penalize the debtor wife for agreeing to vacate the premises in her effort "to find emotional peace and physical safety" *Id.* at 370.[2] While there is no evidence that the marital turmoil in our case included the physical and emotional abuse present in *Thomas*, it is clear that there was marital stress enough to prompt a physical separation. Had the debtor's wife been the party to vacate, the homestead exemption would not be at issue. It appeared someone had to vacate, and it was the debtor.[3] The chance that the debtor's family could lose its home contradicts the basic intention of the homestead exemption, which seeks to protect and maintain the family dwelling free from the reach of judgment creditors. 52–54 Weinstein, Korn & Miller, *New York Civil Practice Law and Rules,* ¶ 5206.02 at 52–175 (1983).

The facts of *In re Warren*, 38 B.R. 290 (Bankr.N.D.N.Y.1984), were less compelling than those of *Thomas* and virtually mirror the facts at bar. In *Warren*, the debtor/husband voluntarily vacated the marital residence as a result of marital problems and had been living at other premises for approximately one year prior to filing his chapter 7 petition. During that time, however, the debtor's wife and daughter occupied the property as their residence. The court in *Warren* allowed the homestead exemption for property the debtor did not occupy "in order to properly effectuate the purpose and function of the New York homestead exemption, and to prevent an inequitable injury to the Debtor and his family...." *Id.* at 293. For those reasons, the *Warren* court explicitly held that "the New York homestead exemption extends to protect real property owned by the Debtor and occupied as a principal residence by the Debtor or members of the Debtor's immediate family."[4] *Id.* See also *First Federal Savings and Loan Association of Rochester v. Brown,* 78 A.D.2d 119, 434 N.Y.S.2d 306, 310 (Sup.Ct. 1980) (stating that the homestead exemption in the context of protecting a judgment debtor's property applies to land occupied by the debtor or his family); *Michaels v. Chemical Bank,* 110 Misc.2d 74, 441 N.Y. S.2d 638 (Sup.Ct.N.Y.Cty.1981) (stating that the homestead exemption in the context of execution on money judgments historically was designed to protect the judgment debtor's family). This court is fully in accord with the view expressed in *Warren.*

For the reasons stated above the trustee's motion to strike the debtor's claimed homestead exemption is denied.

IT IS SO ORDERED.

---

2. This court finds unpersuasive the Trustee's argument here that the debtor voluntarily agreed to vacate the premises on two weeks' notice in accordance with the Agreement because it is that very agreement that is sought to be overturned in the matrimonial proceedings. But, in any event, the debtor's agreement to quit the premises, if requested, given as a *quid pro quo* for an attempted reconciliation does not rise to the level of a voluntary abandonment of the residence.

3. Interestingly, Judge Schwartzbeerg pointed out that there are some jurisdictions which allow a homestead exemption for a marital residence by a spouse who vacates due to a separa-

tion agreement. New York however has yet to address that issue. *In re Thomas,* 27 B.R. at 371.

4. The trustee asserts *Warren* is distinguishable because the debtor's husband there was allegedly living "temporarily" away from the exempt property, although he had been absent for a year. While the court in *Warren* mentioned that factor in distinguishing the *Fontana* decision, it did not appear to be pivotal in the overall decision. It is unclear in our case whether the debtor will return to the premises but, in any event, he vacated the premises only one month prior to the chapter 7 filing and is living in the same city.