In re David R. SMITH, Sandra J. Smith, Debtors.

In re Gerald J. NORMANDIN, Debtor.

Bankruptcy Nos. 85–10716 M, 85–10910 M.

United States Bankruptcy Court, W.D. New York.

Dec. 9, 1985.

Douglas A. Spoto, Jamestown, N.Y., trustee in Bankruptcy of David R. & Sandra J. Smith.

Burgett & Robbins (G. Jeffrey Weise, of counsel), Jamestown, N.Y., for debtors David R. & Sandra J. Smith.

Harold P. Bulan, Buffalo, N.Y., trustee in Bankruptcy of Gerald J. Normandin.

Matusick, Spadafora & Verrastro (Katherine E. Volk, of counsel), Buffalo, N.Y., for debtor Gerald J. Normandin.

BERYL E. McGUIRE, Bankruptcy Judge.

Because of similar facts and a common issue of law, this memorandum will address, jointly, objections filed by trustees to homestead exemptions claimed by debtors in two different cases.

## FACTS

### I

In the case of Sandra S. and David R. Smith, Douglas A. Spoto has filed an objection to the real estate exemption claimed by David R. Smith in the filing of his bankruptcy case on April 30, 1985. Mr. Smith claims the exemption under the provisions of section 5206 of New York's Civil Practice Law and Rules (McKinney 1978 and Supp.1984).

The trustee's objection is based upon the undisputed fact that Mr. Smith did not physically occupy the subject real property on the date of the filing of his case; the debtor voluntarily vacated the premises theretofore because of a matrimonial dispute. However, also undisputed is the fact that Sandra Smith, the co-debtor, moved for, and obtained, a state court order granting her temporary exclusive possession of the marital residence. Such order was entered prior to the filing of the chapter 7 petition.

The parties have submitted the objection on a stipulated set of facts, which are hereby incorporated by reference.

### II

Gerald Normandin filed his chapter 7 petition on May 23, 1985. Like Mr. Smith, Mr. Normandin claims an exemption in his marital residence under section 5206 although he did not physically occupy the subject property on the date the bankruptcy case was filed. On June 1, 1984, Mr. Normandin left his marital residence involuntarily pursuant to a state court order granting his former wife exclusive posses-

sion, use and occupancy while the couple's divorce action was pending. Subsequently, but prior to filing his petition, permanent, exclusive use and occupancy was granted to the debtor's former wife in a Judgment of Divorce. Mr. Normandin has appealed the divorce judgment, and that appeal is presently pending.

The parties have agreed to submit the matter on affidavits, the facts of which are hereby incorporated by reference.

## DISCUSSION

Whether the debtors are entitled to a homestead exemption in these cases is a question of State rather than Federal law.[1] Section 5206 of New York's Civil Practice Law and Rules provides in pertinent part:

**Real property exempt from application to the satisfaction of money judgments.** (a) **Exemption of homestead.** Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:

1. a lot of land with a dwelling thereon,

\* \* \* \* \* \*

But no exempt homestead shall be exempt from taxation or from sale for nonpayment of taxes or assessments.

\* \* \* \* \* \*

(c) **Suspension of occupation as affecting homestead.** The homestead exemption ceases if the property ceases to be occupied as a residence by a person for whose benefit it may so continue, except where the suspension of occupation is for a period not exceeding one year, and

occurs in consequence of injury to, or destruction of, the dwelling house upon the premises.

N.Y. CPLR § 5206 (McKinney 1978 and Supp.1984).

This Court has not found state authorities directly in point.[2] Additionally, the Court has found no New York legislative history shedding any light on this issue.

Hence, the focus of this Court's inquiry is whether the New York courts would read this provision literally or, in light of New York's strong interest in the areas of matrimony and family welfare, would temper that reading to comport with more compelling state interests in those areas.

While it may be extraordinary for a court to take such a clear and unambiguous word as "occupied" and temper it, that is precisely what this Court is convinced the State courts would do.[3]

To read the word literally would permit creditors to dismantle property rights of the parties to a matrimonial dispute before the State courts have the opportunity to act to safeguard those interests and, perhaps, even more important, the interests of any children of the marriage. It would encourage, if not require, the often hostile parties to a matrimonial dispute to continue to share the marital abode on penalty of loss of property rights. The potential for harm to a spouse or to children in such circumstances hardly need be elaborated upon. In sum, literal reading of the word would not be consonant with strong, well-established, and long standing policies of the State of New York and hardly would have been within the intent of the Legislature.

This Court, therefore, concludes the New York courts would not construe absence from the marital abode pending final resolution of property rights by its courts to

---

1. New York enacted Debtor & Creditor Law § 284 (McKinney Supp.1984) effective September 1, 1982, allowing the State to opt out of the scheme of federal exemptions provided under § 522, Title 11 U.S.C.

2. For an excellent review of authorities touching upon this issue see *In re Warren*, 38 B.R. 290 (Bankr.N.D.N.Y.1984) and cases cited therein.

3. See, e.g., *Wells Fargo Bank Int'l. v. Binabdulaziz*, 124 Misc.2d 1072, 478 N.Y.S.2d 580 (Sup.Ct. Onondaga County 1984) involving this principal but in a converse context.

constitute an abandonment of rights of residency or occupancy of a homestead under section 5206 of New York's Civil Practice Law and Rules.

The objections to the debtors' exemptions are denied.