**In re William Bero MILLER, Debtor.**

**Bankruptcy No. 88–01766.**

United States Bankruptcy Court,
N.D. New York.

May 31, 1989.

Randy J. Schaal, Trustee, Sherrill, N.Y.

Philip D. O'Donnell, Herkimer, N.Y., for debtor.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

On November 18, 1988, William Bero Miller ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C.A. §§ 101–1330 (West 1979 & Supp.1989) ("Code"). In his Statement of Financial Affairs For Debtor Not Engaged in Business, he indicated being a retired machine operator, residing at 600 Pine Avenue, Herkimer, New York 13350 and hav-

ing filed a Chapter 7 fifteen years ago in this district. The Pine Avenue address was listed in the space provided on his bankruptcy cover sheet as well as on the voluntary petition in the area reserved for mailing address.

Debtor's Summary of Debts and Property listed $21,329.46 in debt, consisting of one claim secured by a 1985 used four-door Ford automobile which he intended to reaffirm, six assorted credit card and credit line claims, and $500.00 in property, consisting of his exemptions. Among the exempt property claimed in his schedule B–4 was that listed in schedule B–1 for real property, described as located in the Town of Macomb in St. Lawrence County and held with his wife as a tenancy by the entirety with a market value of $100.00.

The Trustee objects to this exemption, asserting that it is not allowable because it was not the Debtor's homestead or "principal residence" within the meaning of § 5206(a) of the New York Civil Practice Law and Rules (McKinney Supp.1989) ("NYCPLR"). He claims that the Debtor provided no explanation to controvert his own testimony at the first meeting of creditors that the property was vacation property and posits that while it perhaps might contain a camper trailer, there was no permanent residence on the land.

The Trustee also noted that no appraisal was conducted, as he had requested and pointed out that the Debtor indicated nowhere on his petition that the disputed property was his principal residence. Focusing on the word "principal" in the New York homestead exemption statute, the Trustee avers that this does not include vacation property such as that in question.

The thrust of the Debtor's position is that his "seasonal residence" qualifies for the homestead exemption under Code § 522(d)(1) and NYCPLR § 5206(a). He maintains "that the peculiar language of Section 5206 of the CPLR in the use of the word 'a', before the words 'principal residence', rather than the word 'the' suggests that the legislature countenanced that a person might have more than one principal residence since the use of the article 'a' is

generally not used in a statute in a singular sense unless the intention is clear from the language of the statute." Debtor's Memorandum of Law p.2 (Feb. 7, 1989). Thus, the Debtor takes the position that the phrase "a principal residence" in NYCPLR § 5206(a) means any residence, rather than one.

Sections 1334 and 157 of Title 28 (West Supp.1989) give rise to the Court's jurisdiction over the subject matter and the parties. The instant core proceeding, 28 U.S.C.A. § 157(b)(1), (2)(B), is governed by Bankruptcy Rules ("Bankr.R.") 4003, 7052 and 9014.

## DISCUSSION

■ At the outset, the Court notes that any analysis of the homestead exemption available to a New York debtor is exclusively controlled by NYCPLR § 5206(a), made applicable through New York Debtor and Creditor Law § 282 (McKinney Supp. 1989) ("NYD & CL"), since New York has opted out of the federal exemptions set forth in Code § 522(d). *See* NYD & CL § 284; *In re Hager*, 90 B.R. 584, 587 (N.D. N.Y.1988), *aff'g* 74 B.R. 198, 201 (Bankr.N. D.N.Y.1987); *In re Hill*, 95 B.R. 293, 298 (Bankr.N.D.N.Y.1988).

Grounded upon public policy, the purpose of the homestead exemption is to protect a debtor-homeowner and his immediate family from losing their family dwelling because of economic adversity. *See In re Carilli*, 65 B.R. 280, 282 (Bankr.E.D.N.Y. 1986); *In re Pearlman*, 54 B.R. 455, 457 (Bankr.S.D.N.Y.1985); *In re Warren*, 38 B.R. 290, 293 (Bankr.N.D.N.Y.1984); *Westinghouse Credit Corp. v. Central Trust Co. Rochester, N.Y. (In re Leonardo)*, 11 B.R. 453, 455 (Bankr.W.D.N.Y.1981) *and Michaels v. Chemical Bank*, 110 Misc.2d 74, 441 N.Y.S.2d 638 (Sup.Ct.1981); *Wyoming County Bank & Trust Co. v. Kiley*, 75 A.D.2d 477, 430 N.Y.S.2d 900 (1980); 40 Am.Jur.2d Homestead §§ 1, 4 (1968); 59 N.Y.Jur.2d Exemptions § 57 (1987).

"Essential to the right of the homestead exemption is designation and occupancy of the property." 3 L.P. King, COLLIER ON BANKRUPTCY ¶ 522.10 at 522–49 (15th ed.1989). *See* NYCPLR § 5206(c); *see, e.g., Gross v. Russo (In re Russo)*, 1 B.R. 369, 387 (Bankr.E.D.N.Y.1979) (homestead exemption unavailable for property undesignated as homestead). Absent special circumstances justifying a constructive presence, such as those arising in a discordant marital situation, actual occupancy of the disputed property, along with ownership, is a prerequisite to exercising the homestead exemption. *See Dawson v. Krolikowski*, 140 Misc.2d 343, 352, 530 N.Y.S.2d 931, 937 (Sup.Ct.1988); *In re Smith*, 57 B.R. 81 (Bankr.W.D.N.Y.1985); *In re Pearlman*, *supra*, 54 B.R. at 455; *In re Thomas*, 27 B.R. 367, 370 (Bankr.S.D.N.Y.1983); *Fontana v. Fontana*, 89 A.D.2d 843, 453 N.Y. S.2d 23 (2d Dep't 1982); *In re Galcia*, 59 Misc.2d 511, 513–14, 299 N.Y.S.2d 723, 725–26 (Surr.Ct.N.Y.Cty.1969). *See also In re Tomko*, 87 B.R. 372, 374–75 (Bankr.E.D.Pa. 1988); 40 Am.Jur.2d, *supra*, at § 72.

■ Moreover, the statute's absence of definition or enumeration with regard to "residence" (or the lack thereof in the NYCPLR, NYD & CL or anywhere else in the Consolidated Laws) creates a broad category of "residence." Thus, a trailer or boat or similar dwelling used as an abode is not precluded from being considered a principal residence under NYCPLR § 5206(a) as long as it is occupied as such by the debtor. This result comports with the liberal construction to be accorded exemption statutes in favor of a debtor and his family and the "fresh start." *See* N.Y.Jur.2d, *supra*, at § 4.

In the case at bar, the record's silence on the existence of a structure on the subject property supports a finding that the property is not being used as a homestead, which is bolstered by its uncontroverted value of $100.00. Moreover, the Debtor's consistent reference in his petition and related schedules to the Pine Avenue location in Herkimer as his address and the lack of designation therein of the Macomb property as a homestead, further support a finding that the former property is occupied as his principal residence while the latter property is owned by him and his wife as "vacation land."

■ Under New York law, the homestead exemption is not allowable for a vacation property owned by a debtor because there is no actual occupancy on a regular basis. *See In re Galcia, supra*, 59 Misc.2d at 511, 299 N.Y.S.2d at 723. A contrary result flies in the face of the plain language and purpose of NYCPLR § 5206(a) and (c)—at the expense of a debtor's creditors—since the inability to shield a vacation home from the satisfaction of debt would not render a debtor and his family homeless.

Moreover, a battle between the meaning of the articles "a" versus "the" is of no moment since the operative adjective in the disputed phrase here is "principal" which means "most important, consequential or influential." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1802 (1981 ed.). Thus, there can be no dispute that however arguably "indefinite" the term "a" may be, *id.* at 1, its meaning in NYCPLR § 5206(a) depends on the context and the fact that a debtor can only have one principal residence. *See* BLACK'S LAW DICTIONARY 1 (5th ed. 1979) (" 'A' means 'one' or 'any', but less emphatically than either. It may mean one where only one is intended or it may mean any one of a great number. It is placed before nouns of the singular number, denoting an individual object or quality individualized.")

The homestead exemption was created for the homeowner, *see In re Hill, supra*, 95 B.R. at 298 (homestead exemption not available to apartment lessees), and it is not up to this Court to judicially legislate a homestead exemption for the non-homeowner debtor. In fact, NYCPLR § 5206(a) provides relief to the non-homeowner debtor, not available to the homeowner debtor, in the form of an alternative cash exemption under New York Debtor and Creditor Law § 283(2).

The Debtor cannot utilize the homestead exemption under NYCPLR § 5206(a) to preserve the Macomb property because the record discloses that it is not his principal residence. *Accord In re Tomko, supra*, 87 B.R. at 372.

Accordingly, it is hereby

ORDERED:

1. That the Trustee's objection to the Debtor's claimed homestead exemption is granted.