(No. 24421.

ROBERT RASMUSSEN *et al.* Appellants, *vs.* ANNA M. RASMUSSEN, Appellee.

*Opinion filed February 16, 1938.*

MIGHELL, ALLEN, MATTHEWS & JORDAN, (JOHN T. MATTHEWS, and EVERETT JORDAN, of counsel,) for appellants.

JOHN K. NEWHALL, and DAVID B. GIVLER, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants seek review of that portion of a decree for partition, entered by the circuit court of Kane county, finding that appellee, as the widow of Robert Rasmussen, deceased, is entitled to a homestead in the property involved in the proceeding.

Robert Rasmussen, father of the appellants, died intestate on August 18, 1926, seized in fee simple of the improved lot involved here. It was occupied by him as a homestead. He left the appellee, his widow, the appellants and three other sons as his heirs-at-law. The appellee continued to occupy the premises as her homestead until some months after she married George F. Crowell on August 4, 1930. During the early part of 1931 she moved with him into the house owned by the said Crowell and occupied by him as a homestead at the time of their marriage. About May 1, 1937, she rented the Rasmussen premises to Charles and Celia Pennington who have since been in possession as her tenants.

The bill for partition was filed November 6, 1929. No hearing was had thereon and the matter lay dormant until December 18, 1936, when, by leave of court, an amended

complaint was filed which, in addition to the allegations of the original complaint, set out the marriage of the appellee, widow of Robert Rasmussen, and alleged that she had abandoned her homestead. The bill, as amended, prayed for partition of the property free of her homestead and for an accounting of rents received by her. On the hearing it was stipulated that the appellee, as the widow of Robert Rasmussen, became seized, on the death of Rasmussen, of an undivided one-third of the premises in fee simple; that the plaintiffs each owned an undivided one-ninth, subject to the homestead estate of the appellee, and that the homestead premises were worth more than $1000. The stipulation also included the fact as to appellee's marriage to Crowell and the facts hereinbefore stated with reference to her removal from the homestead and renting the premises.

Appellee testified on the hearing that she knew that the appellants had an interest in the property and that her attorney, not living at the time of the hearing, advised her that if she could not afford to live in the house she could move out of it and would not lose her homestead right by so doing. She testified that the place was too big for her and her husband; that the husband's house was small; that she moved out of the homestead without leaving any of her goods there; that by moving she could save a substantial amount in the cost of up-keep and heating the smaller home, but that she expected to sometime return to the original homestead. A detailed statement of expenditures put in evidence shows that appellee's receipts from the property exceeded her expenditures on it. As a witness in her own behalf she testified that she had made expenditures on the house for which she had no receipts. Some work was done by her husband and herself; that she had received $82 more than she had paid out, but the taxes for that year had not been paid.

The chancellor found that the removal of appellee from the premises had not operated as an abandonment of her

homestead and, for that reason, plaintiffs were not entitled to an accounting of the rents collected, and decreed partition subject to a homestead interest in favor of the appellee in all of said premises. Appellants appealed from that part of the decree which found that appellee was entitled to a homestead in said premises and that the appellants were not entitled to an accounting.

The errors assigned raise the sole question whether appellee, by her removal from the Rasmussen premises, abandoned her homestead therein. Appellants urge, in support of their contention that appellee did abandon her homestead, (1) that the marriage of a widow and her removal to a homestead of her second husband operates as an abandonment of her homestead acquired from her first husband, unless there is clear and convincing evidence that such removal was intended to be temporary; (2) her intention in that regard is to be determined from all the facts and circumstances of the case, and not merely from her expressed intention when called as a witness, and (3) a person cannot have two homesteads in different properties at the same time.

These propositions of law are conceded by appellee to be correctly stated but, her counsel say, the facts meet the requirements of those rules. Whether one entitled to a homestead may be said to have abandoned it by moving away from it is a matter largely of intention to be determined from the facts of each case. (*McBride* v. *Hawthorne,* 268 Ill. 456; *Ketcham* v. *Ketcham,* 269 id. 584.) A right to a homestead may be lost by voluntary abandonment without any intention of returning. (*Shepard* v. *Brewer,* 65 Ill. 383.) A person's intention may be shown by acts or words or both. The statement that one intends to return may be contradicted by the facts. (*Vasey* v. *Board of Trustees,* 59 Ill. 188.) Personal residence of the widow upon the homestead premises is not essential in order to prevent abandonment if, when she leaves, she in-

tends to return and acquires no homestead elsewhere. (*Dunbar* v. *Dunbar*, 254 Ill. 281.) The remarriage of a widow and removal to the home of her second husband raise a presumption of abandonment of her homestead, yet such presumption will yield to explanatory proof showing the removal was meant to be temporary. (*Loveless* v. *Thomas*, 152 Ill. 479.) A removal from the homestead premises will be taken as an abandonment unless it clearly appears that there is an intention to return and occupy them. (*Jackson* v. *Sackett*, 146 Ill. 646; *Kloss* v. *Wylezalek*, 207 id. 328.) Such intention must be unequivocal, for an equivocal intention to return is not sufficient. *Kloss* v. *Wylezalek, supra; Cabeen* v. *Mulligan*, 37 Ill. 230.

Applying these rules to the record before us we cannot escape the conviction that appellee has failed to sustain the burden resting upon her to show an unequivocal intention to return to the homestead left by her. As we have seen, her marriage and removal create a presumption of an intention to abandon her homestead and it must clearly appear that she intended to return. Her testimony on that subject, it seems to us, clearly shows that whether she should ever return to the premises depended upon future conditions or circumstances. She left nothing in the premises when she moved out. She went from that homestead to the home of her husband. His home is her home. There is no evidence of any agreement or present intention that they will ever return to her original homestead, other than her statement that she expected to go back sometime. Her living in the property of her present husband, in the absence of a clear showing of an intention to return to her original homestead, would entitle her to maintain a claim of right to homestead in his home. It has been the rule since the early case of *Cabeen* v. *Mulligan, supra,* that under our statute one may not have two homestead estates at the same time. This is also the holding in *Stobaugh* v. *Irons,* 243 Ill. 55, and *Buck* v. *Conlogue,* 49 id. 391. The circuit court

erred in decreeing that appellee is entitled to a homestead in the property sought to be partitioned.

The decree is reversed and the cause remanded, with directions to enter a decree for partition of the property free of homestead rights of the appellee and for an accounting of the rents.

*Reversed and remanded, with directions.*