**In the Matter of James MATTHEWS, Debtor.**

**James MATTHEWS, Debtor-Appellant,**

**v.**

**Joseph E. COHEN, Trustee-Appellee.**

**No. 84 C 2807.**

United States District Court, N.D. Illinois, E.D.

Sept. 26, 1984.

Edward Kenneth Suskin, Highland Park, Ill., for debtor-appellant.

Joseph E. Cohen, Chicago, Ill., pro se.

ORDER

BUA, District Judge.

On July 30, 1981, Appellant James Matthews filed a voluntary petition in the bankruptcy court for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.* In his schedules filed in the bankruptcy court, Matthews claimed his mobile home as exempt homestead property pursuant to Ill.Rev.Stat., ch. 52, § 1 (1979) (amended 1981). On October 23, 1981, the Appellee-Trustee filed objections to Matthews' claim of exemption of the mobile home. The bankruptcy court sustained the Trustee's objection on February 7, 1984. Matthews appeals from the February 7, 1984 Order. For the reasons stated below, the February 7, 1984 Order is reversed and the case is remanded with directions for entry of an order overruling the Trustee's objections.

The sole issue on appeal is whether the bankruptcy judge was correct in concluding that Matthews' mobile home is not exempt under the Illinois homestead exemption, Ill. Rev.Stat., ch. 52, § 1 (1979) (amended 1981). Both parties agree that the current Illinois homestead exemption would allow the mobile home as exempt homestead property. *See* Ill.Rev.Stat., ch. 52, § 1 (1981).

The applicable Illinois homestead exemption statute in effect at the time Matthews' petition was filed provided as follows:

Every householder having a family shall be entitled to an estate of homestead to the extent in value of $10,000, in the farm *or lot of land and buildings thereon* owned or rightly possessed by lease or otherwise and occupied by him or her as a residence; and such homestead and all right and title therein, shall be exempt from attachment, judgment, levy or judgment sale for the payment of his or her debts or other purposes...

Ill.Rev.Stat., ch. 52, § 1 (1979) (amended 1981) (emphasis supplied). The bankruptcy court found, and the Trustee does not dispute, that Matthews and his son have resided in the mobile home since 1970. The Matthews maintain their legal and voting address at the mobile home. The mobile home, although its wheels remain attached, rests upon concrete blocks, has metered electricity, natural gas, water and sewer hookups, and regular garbage pickup. R. 3, at 2. Finding that no Illinois court had previously addressed the issue of whether a mobile home is exempt homestead property, the bankruptcy court, in a lengthy and considered opinion, predicted that an Illinois court, if faced with the issue, would conclude that Matthews' home is not properly exempt under the prior Illinois homestead exemption statute. This Court, however, disagrees.

The object of the Illinois homestead exemption is to protect and provide shelter for the family, and to that end, the statute is liberally construed by Illinois courts. *E.g. Deere v. Chapman*, 25 Ill. 498, 500 (1861). Although Illinois courts apparently never had the opportunity to interpret the prior statute with reference to mobile homes, courts in other states have considered a mobile home a homestead estate if the debtor intended to permanently affix the mobile home to the realty. *See In re Morphis*, 30 Bankr. 589, 591 (Bankr.N.D. Ala.1983); *Hartford National Bank & Trust Co. v. Harvey*, 420 A.2d 230 (Me. 1980).

Having reviewed the record below, and giving appropriate deference to the bankruptcy court's findings of fact, this Court concludes that the bankruptcy court failed to consider Matthews' length of residence at the mobile home as evidence of his intention to permanently affix his mobile home to the realty. Instead, the bankruptcy court considered the mobile home as personal property merely because the wheels had not been removed and because the home rested on concrete blocks, rather than a foundation. These factors more properly reflect the debtor's financial inability to make the improvements rather than his intention to move the mobile home to another location in the future. Clearly, the most persuasive evidence of the debtor's intention is the fact that he and his son have resided at the mobile home for 14 years. Also persuasive is the fact that utilities have been connected to the mobile home. *See Hartford Nat. Bank & Trust Co. v. Harvey*, 420 A.2d 230, 235–36 (Me. 1980).

Finally, this Court views the 1981 amendment to the Illinois homestead exemption statute as the legislature's desire to clarify an ambiguity in the prior statute, rather than declare a change in Illinois law. The Trustee has not produced any evidence of a contrary legislative intent. Since the Trustee bears the burden of proof on the exemption issue (*see, e.g., In re Crump*, 2 Bankr. 222 (Bankr.S.D.Fla.1980)), this Court views the intent of the Illinois legislature as not inconsistent with this opinion.

In summary, the bankruptcy court erred by denying Matthews' claim of homestead exemption in the mobile home. The bankruptcy court failed to consider the length of the debtor's residence and the fact that the mobile home was equipped with utilities. The bankruptcy court therefore erred in sustaining the Trustee's objection. Accordingly, the order of bankruptcy court dated February 7, 1984, is reversed and the case is remanded with directions for an order overruling the Trustee's objections to the debtor's claim of exemption of the mobile home.

IT IS SO ORDERED.