In re Georgia L. RUSSELL, Debtor.

In re Edward P. RUSSELL, Debtor.

Bankruptcy Nos. 85–2479, 85–2480.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 9, 1986.

Ollie Ben Butler, Jr., Tampa, Fla., for debtor.

W. Lawrence Smith, Tampa, Fla., for lienholder.

### ORDER ON DEBTORS' MOTIONS TO AVOID LIEN OF ATLANTIC NATIONAL BANK OF FLORIDA

ALEXANDER L. PASKAY, Chief Judge.

The matters under consideration are presented in two separately filed voluntary Chapter 7 cases, one by Edward P. Russell,

Case No. 85–2480, and the other by Georgia L. Russell, his wife, Case No. 85–2479. Both Debtors filed a motion pursuant to § 522(f)(1) and Bankruptcy Rule 4003(d), seeking to avoid a judgment lien claimed by Atlantic National Bank of Florida ("Bank") which, according to the Bank is a valid and enforceable lien on certain real properties located in Tampa, Florida, at 4135 Saltwater Boulevard ("Saltwater") and 4309 Deepwater Lane ("Deepwater"), respectively.

The underlying facts which govern the resolution of the issues presented by the two motions and the response filed by the Bank are basically without dispute and are as follows:

Edward P. Russell and Georgia L. Russell were married to each other at the time relevant to the resolution of the matter under consideration and resided at the Saltwater property as husband and wife prior to March 1985. On March 8, 1985, the Bank obtained a final judgment against Mr. and Mrs. Russell in the principal amount of $54,745.16. This final judgment was based on a stipulation between the Bank and Mr. and Mrs. Russell and was recorded by the Bank on March 12, 1985, in O.R. Book 4516, at page 1835, of the public records of Hillsborough County. However, the final judgment was not recorded at that time in a certified form as required by law. Upon the failure of Mr. and Mrs. Russell to comply with the terms of the stipulation, the Bank rerecorded a certified copy of its final judgment on June 12, 1985, in O.R. Book 4578, at page 7022, of the public records of Hillsborough County, Florida. The outstanding balance on the final judgment at that time was $35,901.88, plus interest accruing at the rate of 12% per annum from May 30, 1985, to date.

At the time the Bank originally recorded the copy of the judgment, March 12, 1985, Mr. and Mrs. Russell resided at the Deepwater property and, while it is not clear from the record, no one resided at the Saltwater property, and Mrs. Russell did not move into the Saltwater property until May 1985, a month before the Bank filed a

certified copy of its final judgment on June 12, 1985. Both the Deepwater and the Saltwater property were owned by Mr. and Mrs. Russell as tenants by the entireties as husband and wife, but on July 25, 1985, each quitclaimed their respective interest in the properties, and by virtue of the quit claim deeds, Mr. Russell became the sole owner of Deepwater and Mrs. Russell became the sole owner of the Saltwater property. It is without dispute that Mrs. Russell no longer resides in the Saltwater property although it appears, if not very clearly, to be without dispute that on September 6, 1985, at the time Mrs. Russell filed her voluntary petition for relief under Chapter 7, she did reside in the Saltwater property having been separated from her husband albeit not yet divorced, and that at this time Mrs. Russell resides in an apartment house at 6311 Newton Circle, #1A, Tampa, Florida, and no longer resides at the Saltwater property.

The motions filed by these Debtors are filed pursuant to § 522(f) of the Bankruptcy Code which in pertinent part provides as follows:

"**§ 522. Exemptions**

. . . . .

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien;"

This Section permits a debtor to invalidate a judgment lien to the extent the judgment lien impairs the debtor's right to exemption. By virtue of § 522(b)(1), debtors in the State of Florida are entitled only to claim exemptions under applicable local law which in turn is governed by Article X, Section 4, of the Florida Constitution which inter alia provides as follows:

"**§ 4. Homestead—exemptions**

"(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

"(1) a homestead, if located outside a municipality to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family;"

Based on the foregoing, it is clear that the Deepwater property was without doubt the homestead of Mr. and Mrs. Russell on the date of the recordation of the certified copy of the final judgment of the Bank and therefore exempt from the judgment lien of the Bank. This leaves for consideration whether or not Mrs. Russell is entitled to use § 522(f)(1) to invalidate the judgment lien of the Bank which in turn leads to the question whether or not the Saltwater property is properly claimed by her as her homestead and as such exempt. It is the contention of Mrs. Russell that since on the date she filed her voluntary petition for relief in this Court, she was the owner of the Saltwater property, she resided at the Saltwater property, and she is entitled to claim the same as exempt by virtue of Article X of the Florida Constitution, § 4, as amended and effective as of January 5, 1985. This being the case, Mrs. Russell contends that by virtue of the specific proposition of § 522(f)(1) of the Bankruptcy Code she is entitled to invalidate the judgment lien of the Bank.

The proposition urged by Mrs. Russell has a plausible ring at first blush and certainly may find support in the literal reading of § 522(f)(1) and a literal reading of the homestead provision of the Florida Constitution, Article X, § 4, as amended, and in effect since January 5, 1985. There is no

question that the judgment lien of the Bank impairs her interest in the Saltwater property and in turn ordinarily would impair her homestead claim to the property which she rightfully claims as her homestead, provided that the Saltwater property was really her homestead at the time she filed her petition or still was at the time she filed her motion to invalidate the lien. It is uncontradicted and it is without dispute that on the date the Bank's judgment was properly recorded, the Bank's judgment lien became affixed on the real property in question. The Saltwater property was owned by Mrs. Russell and she resided on the property. Thus, it is clear that the Saltwater property qualified as her homestead and was therefore immune from the Bank's judgment lien, unless it was not really properly claimed as homestead for other reasons or the Saltwater property is no longer her homestead because she effectively abandoned the property as her homestead. It is well established that in order to claim the property as homestead there must be the intention of the claimant to reside permanently on the property in question, and temporary sojourn which is not coupled with the intention to permanently reside on the property is not sufficient. Moreover, even if on the date she filed her motion seeking to invalidate the Bank's judgment lien, the Saltwater property was no longer her homestead because she effectively abandoned the same, her motion cannot be granted since she no longer had any right to claim the property exempt unless she establishes with competent proof that her absence from Saltwater is temporary and is based on some justifiable reason, for instance, her stay at the apartment house is based on the fact that she is attempting to sell the Saltwater property and to use the proceeds to acquire a new homestead. In this situation, under the laws of this State, the proceeds acquired from the sale would retain the immunity previously enjoyed by the property itself provided the funds are preserved and earmarked for the acquisition of a new homestead. *Orange Brevard Plumbing & Heating Co. v. La Croix*, 137 So.2d 201 (Fla., 1962). However, if she is unable to establish that her absence from Saltwater is temporary because she intends to return to the Saltwater property, and she did not abandon Saltwater as her homestead, again she would not be entitled to the relief she is seeking.

To claim a property as exempt in the bankruptcy context is nothing more and nothing less than a claim by a debtor that a property is not subject to administration by the trustee in a Chapter 7 case and therefore cannot be liquidated by the trustee for the benefit of creditors of the estate. Thus, while the property is immune from liquidation by the trustee, this does not necessarily mean, however, that the property is not subject to valid liens and encumbrances. For instance, there is no question that by virtue of the express language of the Constitution dealing with this subject, a property otherwise exempt as homestead is liable for payment of taxes and for obligations contracted for the purchase, improvement or repair or for obligations contracted for house, field or other labor performed. While the constitutional provision is silent on the enforceability of judicial liens, it can no longer be gainsaid and it is clearly established by case law in this State that a judicial lien which attached to a real property before the property qualified to be a homestead and thus could be claimed as exempt remains a valid, enforceable lien even though the property does later acquire the homestead character. The material time which determines whether a lien will prevail over a claim to a homestead exemption is that of the attachment of the lien. *First National Bank v. Peel*, 107 Fla. 413, 145 So. 177 (Fla.1932). Thus, if a lien attaches prior to the establishment of the homestead, the lienor's right is superior to that of the homestead claimant. *Moorhead v. Yongue*, 134 Fla. 135, 183 So. 804, (Fla.1938); *Abernathy v. Gruppo*, 119 So.2d 398 (Fla. 3rd DCA, 1960). See also *Bessemer v. Gersten*, 381 So.2d 1344 (Fla., 1980).

While it is true that the initial burden to establish a right to claim exemption is on the party asserting it, once the

claimant made a prima facie case, the burden shifts and the ultimate burden of persuasion is placed on the objector who must present convincing evidence that the claim cannot be sustained under the applicable local law. In light of the fact that provisions dealing with exemptions have been traditionally liberally construed in favor of a claimant, in order to accomplish the beneficial purpose, the party challenging the exemption claim must make a satisfactory showing that the claim in fact is not valid and the particular piece of property claimed cannot be claimed as exempt. In the present instance, at the crucial date, i.e., at the commencement of the case, Mrs. Russell was the owner of the property involved and she resided on the property. Therefore, clearly absent a showing that she did not intend to establish the Saltwater property as her homestead and that she effectively abandoned the same as her homestead, her exemption claim must be sustained. There is nothing in this record as it now exists to furnish any evidence on either point. For this reason, the Bank's objection to her exemption claim cannot be sustained and the motion of Mrs. Russell, under § 522(f), shall be granted. Accordingly, it is

ORDERED, ADJUDGED and DECREED that the Motion to Invalidate the Judgment Lien of the Atlantic National Bank filed by Georgia L. Russell is granted, and the judgment lien of the Atlantic National Bank on the Saltwater property be, and the same is hereby declared to be invalid and unenforceable, unless the Atlantic National Bank files an appropriate additional pleading to challenge her claim either by alleging that she established the residence merely as a sham to gain advantage or that she effectively abandoned the Saltwater property as her homestead.