**In re Dr. Yusuf MONEER, Debtor.**

**Bankruptcy No. 95 B 08041.**

United States Bankruptcy Court,
N.D. Illinois, Eastern Division.

Oct. 10, 1995.

Brenda Porter Helms, Trustee, Raleigh, Helms & Finke, Chicago, IL.

Carleen L. Cignetto, Grochocinski & Gro-chocinski, Palos Heights, IL, for Dr. Yusuf Moneer, Debtor.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the objection to claim of exemption filed by Brenda Porter Helms, the Chapter 7 Trustee (the "Trustee") for the estate of Dr. Yusuf Moneer (the "Debtor"), and the Debtor's response in opposition thereto. At issue is whether the Debtor abandoned his claimed homestead in the property he formerly occupied as his home thereby losing his claimed exemption under 735 ILCS 5/12–901. For the following reasons the Court finds that the Debtor voluntarily abandoned the homestead. Consequently, the Court hereby sustains the Trustee's objection.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## II. FACTS AND BACKGROUND

On April 24, 1995, the Debtor filed a voluntary Chapter 7 petition. On his Schedule C—Property Claimed as Exempt, the Debtor claimed a homestead exemption pursuant to 735 ILCS 5/12–901 in the amount of $7,500.00 for the property commonly described as 6588 Shabbona Road, Indian Head Park, Illinois (the "Property"). The claimed exemption stated that the Property was "currently occupied by co-owner non debtor spouse." The Debtor testified at the 11 U.S.C. § 341 meeting of creditors that he did not reside at the Property. The Debtor currently resides with his mother and sister at 77 Lake Hinsdale Dr., Unit No. B312, Willowbrook, Illinois. After he left, the Debtor maintained mortgage and utility payments for the Property. A dissolution of marriage proceeding was filed, which resulted in an order that the Property be sold and the proceeds divided. No adjudication of homestead was made by the state court. On July 12, 1995, the Trustee filed the instant objection to the homestead exemption.

## III. ARGUMENTS OF THE PARTIES

The Debtor contends that he ceased residing in the Property as a result of the decay of the marriage relationship, the illness of his mother and his sister, and his disapproval of his daughter's boyfriend moving into the home. The Debtor maintains in his affidavit that his departure was not intended at any time to be an abandonment of his homestead claim. The Debtor contends he was forced to file for bankruptcy because he could not afford to maintain two households and pay his other bills on a regular basis.

In reply, the Trustee argues that the operative Illinois statute, 735 ILCS 5/12–901, expressly requires that the Property be occupied by the Debtor at the time he filed the bankruptcy petition for him to properly claim

the exemption. The Trustee contends that no evidence has been adduced to show the Debtor's intent to return and reoccupy. Furthermore, the Trustee argues that allowing the claimed exemption under these circumstances will not further the public policy underlying homestead exemptions of sheltering the Debtor and his immediate family in times of financial distress.

## IV. APPLICABLE STANDARDS FOR CONTESTED CLAIMS OF EXEMPTION UNDER BANKRUPTCY AND ILLINOIS LAW

Under the Bankruptcy Code, either the applicable state or the federal exemptions may be selected pursuant to 11 U.S.C. § 522 unless a state chooses to "opt out" of the federal exemption scheme. *See* 11 U.S.C. § 522(b)(1). The Illinois General Assembly "opted out" by enacting Ill.Rev.Stat. ch. 110, ¶ 12–1201, now recodified and cited as 735 ILCS 5/12–1201. The Illinois statute that sets forth the exemption of homestead provides:

> Every individual is entitled to an estate of homestead to the extent in value of $7,500 of his or her interest in . . . personal property, *owned* or rightly possessed by lease or otherwise *and occupied by him* or her *as a residence.* . . . That homestead and all right in and title to that homestead is exempt from attachment, judgment, levy, or judgment sale for the payment of his or her debts or other purposes. . . .
>
> If 2 or more individuals own property that is exempt as a homestead, the value of the exemption of each individual may not exceed his or her proportionate share of $15,-000 based upon percentage of ownership.

735 ILCS 5/12–901 (emphasis supplied).

A brief review of some of the relevant Illinois case law on homestead exemptions is in order for purposes of deciding the matter at bar. All of the cases cited by the parties, and those found by the Court, are factually distinct from the matter at bar, but contain helpful dicta and presumptions applicable on the precise ultimate issue to be decided here: whether the Debtor abandoned his homestead exemption claim when he vacated the Property prepetition.

The right of homestead is created by statute, not founded in common law. *See generally* 20 *Illinois Law and Practice,* Homesteads § 2 (1992). The purpose of the estate of homestead and the exemption is to secure the debtor and his family the necessary shelter from creditors. *Id.* at § 3. One way for the homestead exemption to be lost, other than by conveyance or release, is by abandonment. *Id.* at §§ 54–55. Generally, a removal from the homestead premises will be taken as an abandonment unless it clearly appears that there was an intention to return and occupy them. *Rasmussen v. Rasmussen,* 368 Ill. 137, 140, 13 N.E.2d 166, 168 (1938); *Dinquel v. Dacco,* 273 Ill. 117, 121, 112 N.E. 337, 339 (1916). "Whether one entitled to a homestead may be said to have abandoned it by moving away from it is a matter largely of intention to be determined from the facts of each case." *Rasmussen,* 368 Ill. at 140, 13 N.E.2d at 168 (citations omitted); *accord Kawszewicz v. Kawszewicz,* 385 Ill. 461, 468, 53 N.E.2d 386, 389 (1944). A person's intention on the question of returning to the homestead may be shown by acts or words, or both, and the mere statement or testimony of the claimant that he intended to return to the homestead does not constitute conclusive proof of such intention. *Rasmussen,* 368 Ill. at 140, 13 N.E.2d at 168; *Jackson v. Sackett,* 146 Ill. 646, 658, 35 N.E. 234, 237 (1893). Such intention to return must be unequivocal—equivocal intention to return is not sufficient. *Rasmussen,* 368 Ill. at 141, 13 N.E.2d at 168.

If one spouse separates from the other and abandons the premises, the homestead rights accrue to the spouse who remains. *Anderson v. Anderson,* 42 Ill.App.3d 781, 784, 1 Ill.Dec. 506, 508–09, 356 N.E.2d 788, 790–91 (1st Dist.1976) (collecting cases). A mere temporary absence for any cause deemed sufficient with the intention of returning, however, will not forfeit the right. *See Dixon v. Moller,* 42 Ill.App.3d 688, 691, 1 Ill.Dec. 411, 415, 356 N.E.2d 599, 603 (5th Dist.1976). But, "[w]hen no new homestead has been acquired, absence from the old one, *unless for an extended period of time,* does

not create a presumption of abandonment." *Id.* (emphasis supplied) (citations omitted).

Federal Rule of Bankruptcy Procedure 4003(c) governs hearings on disputed claims of exemption and objections thereto. Rule 4003(c) expressly places the burden of proof on the objecting party to prove the exemption is not properly claimed. FED. R.BANKR.P. 4003(c). This is in contrast to Illinois case law concerning homesteads which generally places the burden of proving the existence of a homestead on the person relying on it. *See Gillespie v. Fulton Oil & Gas Co.*, 236 Ill. 188, 203, 86 N.E. 219, 225 (1908). The Trustee, as the objecting party under Bankruptcy Rule 4003(c), has the burden of proving that the exemption is not properly claimed. Some courts, however, have seemingly shifted the burden of proof to the debtor, notwithstanding Bankruptcy Rule 4003(c). *See In re Russell*, 60 B.R. 190, 193–94 (Bankr.M.D.Fla.1986); *In re Patterson*, 128 B.R. 737, 740 (Bankr.W.D.Tex.1991). The standard of required proof is presumably a preponderance of the evidence. *See* Salerno and Sirower, *Bankruptcy Litigation and Practice: A Practitioner's Guide*, § 7.13(M) (1993 and 1994 Supp.).

Under Federal Rule of Bankruptcy Procedure 9017, the Federal Rules of Evidence apply to this contested matter. Federal Rule of Evidence 301 provides in pertinent part that in civil proceedings not otherwise provided for by federal statute or the rules of evidence, "a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof . . . which remains . . . upon the party on whom it was originally cast." FED.R.EVID. 301. Moreover, Federal Rule of Evidence 302 states that "the effect of a presumption respecting a fact which is an element of a claim . . . as to which State law supplies the rule of decision is determined in accordance with State law." FED.R.EVID. 302. Thus, although the Trustee has the burden of proof as mandated by Bankruptcy Rule 4003(c), under *Rasmussen* and Federal Rule of Evidence 301, the Debtor has the burden of coming forward with unequivocal evidence to rebut the presumption that when he left his spouse and immediate family and removed himself from the Property, he left without any intention of returning and thereby abandoned his estate of homestead in the Property.

## V. DISCUSSION

The Court finds that the Debtor permanently, not temporarily, abandoned the Property as evidenced by his extended period of nonoccupancy. The critical element fatal to the Debtor's claim is his undisputed nonoccupancy of the Property as his residence at the time of the filing of the bankruptcy petition. The Debtor's departure was a voluntary solution to his marital woes. He established a new permanent residence at a new locale with his relatives. Most critically, his departure was not truly involuntary—he was not thrown or ordered out of the Property. He left of his own free will to care for his relatives, mend his mental health, and distance himself from his spouse and daughter.

The evidence failed to demonstrate that the Debtor intended to return and occupy the Property as a homestead. The Court finds that in spite of the Debtor's affidavit, his conduct demonstrated an intention to remain away from the homestead permanently. The Debtor did not leave after a physical assault and battery and under threat of legal criminal proceedings as did the claimant in *Kawszewicz*, 385 Ill. 461, 53 N.E.2d 386. Moreover, there is no evidence of any continued periodic occupancy of the Property, or retention of same as the Debtor's legal address for voter registration and other purposes as noted in *Dixon*, 42 Ill.App.3d 688, 1 Ill.Dec. 411, 356 N.E.2d 599. The mortgage and utility payments protect the Debtor's investment in the Property, but are not outcome determinative on the claimed exemption.

## VI. CONCLUSION

For the foregoing reasons, the Court hereby sustains the Trustee's objection to the Debtor's claim of exemption. The Court finds that the Debtor voluntarily abandoned the homestead.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

## ORDER

For the reasons set forth in a Memorandum Opinion dated the 10th day of October, 1995, the Court hereby sustains the objection to claim of exemption filed by Brenda Porter Helms, the Chapter 7 Trustee. The Court finds that the Debtor voluntarily abandoned the homestead.