In re Barron W. ROSS, Debtor.

Bankruptcy No. 97 B 02609.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

May 29, 1997.

Roy Safanda, St. Charles, IL, for debtor.

Kevin W. Wright, Elgin, IL, for respondent.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the objection of Roy Safanda, the Chapter 7 Trustee (the "Trustee") for the estate of Barron W. Ross (the "Debtor") to the Debtor's claim of exemption, and the Debtor's response in opposition thereto. It presents an issue of first impression about the propriety of a claim of homestead exemption under Illinois law, 735 ILCS 5/12–901, in a 1980 Chris Craft Boat (the "Boat"). Also at issue is whether the Debtor abandoned his claimed homestead in the Boat he occupied as his home thereby losing his exemption. For the reasons set forth herein, the Court finds that the Debtor established that the Boat was used as his homestead and that he did not voluntarily abandon it when he temporarily resided elsewhere during the winter season when the Boat was in drydock. Consequently, the Court overrules the Trustee's objection.

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### II. FACTS AND BACKGROUND

On January 29, 1997, the Debtor filed a voluntary Chapter 7 petition. The Debtor is self-employed operating a boat chartering and snow plowing business. On his Schedule C—Property Claimed as Exempt, the Debtor claimed an exemption pursuant to 735 ILCS 5/12–1001 et seq. in the amount of $2,750.00 for the Boat. The Boat was duly scheduled on the Schedule B at such current market value. The Debtor's petition listed his street address as 32W640 Hecker, East Dunee (sic), Illinois. In response to Question 15 in the Statement of Financial Affairs concerning his prior addresses in the two years preceding the filing of the petition, the Debtor checked the box "none" indicating that he had no other addresses which he occupied during that period and vacated prior to the commencement of the case.

The meeting of creditors pursuant to 11 U.S.C. § 341 was held on March 3, 1997, during which the Trustee questioned the Debtor. On that date, the Debtor also filed amended Schedules B and C which valued the Boat at $7,500.00 and showed the Debtor as a joint owner with a 50% interest in the Boat. The Debtor also claimed a homestead exemption of $7,500.00 in the Boat under 735 ILCS 5/12–901. On March 28, 1997, the Trustee filed an objection to the homestead exemption contending that the Debtor did not use the Boat as his residence at the time of, and for not less than two months prior to, the date of the filing of the petition, and at all times within the year prior to filing maintained separate residences on land. In his supporting affidavit, the Trustee avers that at the § 341 meeting the Debtor testified that he did not use the Boat as a residence from November or December 1996 through March 3, 1997, and that the Debtor maintained a residence in East Dundee, Illinois

until May 1, 1996, and has maintained other residences on land continually since that date.

In response, the Debtor alleges that he occupied the Boat as his sole residence from approximately May through November 1996; he continues to consider it as his residence; and he has not established any other residence. Further, he states that the Trustee's affidavit does not accurately reflect his testimony at the § 341 meeting. Pursuant to the Debtor's affidavit, he maintains separate mailing addresses for business purposes; he has lived at temporary addresses while the Boat was being cleaned and repaired; and he intended to return to the Boat and continues to reside there.

Because of the factual disputes raised in the affidavits, the Court set the matter for trial. The Debtor testified that he temporarily lived at several addresses in late 1996 and early 1997 while the Boat was in winter drydock. He had earlier established his residence on the Boat after marital dissolution proceedings were commenced and he left the marital homestead where he resided for over twenty years. The marital residence was still utilized as his business address and the one used for driver's registration and voting purposes. He admitted that at the time of filing the petition he was not actually living on the Boat because it was drydocked in the harbor of the Waukegan Port Authority. The Boat had been "winterized" and not occupied during the winter months although it had utility hookups, living quarters, cooking facilities and other amenities for dwelling and was designed for several people to live on. According to the Debtor, he considers the Boat his permanent address and homestead on which he resides during the fishing season to avoid the expense of renting other quarters. He receives mail at both the Boat and former marital home addresses, and thus has not changed his license registration or mailing address.

The Debtor's testimony was substantially corroborated in part by the testimony of Walter T. Jones, the Executive Director of the Waukegan Port District, who also lives on his own boat during the fishing season and similarly rents an apartment during the winter months when his vessel is drydocked. Mr. Jones personally observed the Debtor at the harbor both conducting his business of charter fishing for the past eight years and living on the Boat from April through November 1996, and at the time of trial, May 1997.

### III. APPLICABLE STANDARDS FOR CONTESTED CLAIMS OF EXEMPTION UNDER BANKRUPTCY AND ILLINOIS LAW

Under the Bankruptcy Code, either the applicable state or the federal exemptions may be selected pursuant to 11 U.S.C. § 522 unless a state chooses to "opt out" of the federal exemption scheme. See 11 U.S.C. § 522(b)(1). The Illinois General Assembly "opted out" by enacting Ill.Rev.Stat. ch. 110, ¶ 12–1201, now recodified and cited as 735 ILCS 5/12–1201. The Illinois statute that sets forth the exemption of homestead provides in relevant part:

> Every individual is entitled to an estate of homestead to the extent in value of $7,500 of his or her interest in ... *personal property, owned* or rightly possessed by lease or otherwise *and occupied by him* or her *as a residence* .... That homestead and all right in and title to that homestead is exempt from attachment, judgment, levy, or judgment sale for the payment of his or her debts or other purposes....

735 ILCS 5/12–901 (emphasis supplied).

Illinois exemption statutes are to be liberally interpreted in favor of the debtor. *In re Barker*, 768 F.2d 191, 196 (7th Cir.1985). The Illinois estate of homestead is a possessory right. *In re Szekely*, 936 F.2d 897, 901 (7th Cir.1991). A brief review of some of the relevant Illinois case law on homestead exemptions is in order for purposes of deciding the instant matter. All of the cases cited by the parties, and those found by the Court, are factually distinct from the matter at bar, but contain helpful dicta and presumptions applicable on the precise ultimate issue to be decided here: whether the Debtor established or abandoned his homestead exemption claim when he vacated the Boat during the winter season.

■ The right of homestead is created by statute, not founded in common law. *Bank of Illmo v. Simmons,* 142 Ill.App.3d 741, 744, 97 Ill.Dec. 4, 8, 492 N.E.2d 207, 211 (5th Dist.1986). The purpose of the estate of homestead and the exemption is to secure the debtor and his family the necessary shelter from creditors. *Id.* at 745, 97 Ill.Dec. 4, 492 N.E.2d 207. One way for the homestead exemption to be lost, other than by conveyance or release, is by abandonment. *In re Moneer,* 188 B.R. 25, 27 (Bankr.N.D.Ill.1995) (citation omitted). Generally, a removal from the homestead premises will be taken as an abandonment unless it clearly appears that there was an intention to return and occupy them. *Id.* (citations omitted). "Whether one entitled to a homestead may be said to have abandoned it by moving away from it is a matter largely of intention to be determined from the facts of each case." *Rasmussen v. Rasmussen,* 368 Ill. 137, 140, 13 N.E.2d 166, 168 (1938) (citations omitted). *Accord Kawszewicz v. Kawszewicz,* 385 Ill. 461, 468, 53 N.E.2d 386, 389 (1944). A person's intention on the question of returning to the homestead may be shown by acts or words, or both, and the mere statement or testimony of the claimant that he intended to return to the homestead does not constitute conclusive proof of such intention. *Moneer,* 188 B.R. at 27 (citations omitted). Such intention to return must be unequivocal—equivocal intention to return is not sufficient. *Rasmussen,* 368 Ill. at 141, 13 N.E.2d at 168. A mere temporary absence for any cause deemed sufficient with the intention of returning, however, will not forfeit the right. *See Dixon v. Moller,* 42 Ill.App.3d 688, 691, 1 Ill.Dec. 411, 415, 356 N.E.2d 599, 603 (5th Dist.1976). But, "[w]hen no new homestead has been acquired, absence from the old one, *unless for an extended period of time,* does not create a presumption of abandonment." *Id.* (emphasis supplied) (citations· omitted). Removal from homestead with the intent of returning is not an abandonment. *See Kenley v. Hudelson,* 99 Ill. 493, 500–01 (1881); *Wiggins v. Chance,* 54 Ill. 175, 178 (1870).

■ Federal Rule of Bankruptcy Procedure 4003(c) governs hearings on disputed claims of exemption and objections thereto. Bankruptcy Rule 4003(c) expressly places the burden of proof on the objecting party to prove the exemption is not properly claimed. This is in contrast to Illinois case law concerning homesteads which generally places the burden of proving the existence of a homestead on the person relying on it. *See Gillespie v. Fulton Oil & Gas Co.,* 236 Ill. 188, 203, 86 N.E. 219, 225 (1908). The Trustee, as the objecting party under Bankruptcy Rule 4003(c), has the burden of proving that the exemption is not properly claimed. *See In re Ritter,* 190 B.R. 323, 325 (Bankr. N.D.Ill.1995). Some courts, however, have seemingly shifted the burden of proof to the debtor, notwithstanding Bankruptcy Rule 4003(c). *See In re Patterson,* 128 B.R. 737, 740 (Bankr.W.D.Tex.1991); *In re Russell,* 60 B.R. 190, 193–94 (Bankr.M.D.Fla.1986). The standard of required proof is presumably a preponderance of the evidence. *See* 1 T. Salerno and J. Udall, *Bankruptcy Litigation and Practice: A Practitioner's Guide* § 8.65(11) (2d ed.1995).

Neither the research of the parties nor that of the Court located any reported Illinois cases concerning claims of homestead exemption in watercraft under the applicable version of the Illinois statute or its predecessors. Earlier versions of the Illinois homestead statute limited it to real property. *See In re Hockinson,* 60 B.R. 250, 251 (Bankr. N.D.Ill.1986) (citation omitted). The current law specifically permits a homestead exemption in personal property and some of the cases deal with the more common types of personal property such as mobile homes and property titled in Illinois land trusts. *Id.; Matthews v. Cohen (In re Matthews),* 43 B.R. 466 (N.D.Ill.1984).

It is undisputed that the Boat is personal property. Therefore, under the frequently employed canon of statutory construction referred to as the plain meaning doctrine, there is no prohibition on the appropriate use of the exemption under § 12–901 in other forms of personal property not so commonly or frequently utilized as a debtor's homestead residence. Recently, a bankruptcy court utilizing Wisconsin law found a homestead exemption properly claimed in a semitruck cab lacking both bathroom and cooking facilities.

*See In re Laube,* 152 B.R. 260, 263 (Bankr. W.D.Wis.1993).

Debtor's counsel cites *In re McMahon,* 60 B.R. 632 (Bankr.W.D.Ky.1986) and *In re Scudder,* 97 B.R. 617 (Bankr.S.D.Ala.1989) wherein houseboats were found to be proper subjects for homestead exemptions under Kentucky and Alabama laws with similar provisions for personal property used as a debtor's permanent residence. Both opinions aptly noted the analogy of a marine craft utilized as a residence on water to a mobile home on land for such purpose.

## IV. *DISCUSSION*

 Initially, the Court notes that given the incorrect and incomplete information in the Schedules regarding the Debtor's current and past addresses, and the belated claim of homestead exemption in the Boat, it is not surprising that the Trustee filed the instant objection. Such deficiencies, however, are not outcome determinative in light of the testimony adduced at trial and a full explanation of when and how the Debtor came to first occupy and use the Boat as his principal residence, his temporary departure therefrom over the winter months when the Boat was in drydock, and his residing in other living quarters on land. Those facts certainly bring his exemption claim into question, but the Trustee has not asserted the position that a boat can never be the type of personal property used as a debtor's principal residence and homestead. Rather, the Trustee attempts to distinguish the *McMahon* and *Scudder* cases along geographic lines—the Southern states enjoy much milder winter weather and are more conducive to year round actual habitation on watercraft than the sometimes Arctic winter conditions suffered by residents of Northern states, particularly around Chicago, such as this case.

 The Court, however, cannot agree with the Trustee because there is nothing in the statutory text or legislative history which limits the potential applicability of the exemption to other forms of personal property, like the Boat in this matter, besides the more common types of mobile homes and residences titled and owned in Illinois land

trusts. The evidence was undisputed that the Debtor reestablished his homestead or principal residence from the former marital home in East Dundee to the Boat moored in Waukegan in Spring 1996, and lived there until the winter weather onset in late 1996 when the Boat was drydocked until Spring 1997, at which time the Debtor moved back onboard and continues to live to date. Thus, he lives on the Boat approximately eight months of the year and only left temporarily with the intention of returning. As Illinois snowbirds who annually migrate South for the winter do not lose their homestead exemptions in traditionally improved real estate they use as their principal residences, if they intend to and do return, so should a similar result obtain for Illinois boat-dwellers who temporarily move on land during the icy winter months. Under the controlling Illinois authorities a debtor's actual use of the property in question determines whether it qualifies for the exemption—an inherently fact specific based inquiry. Based on the facts adduced at trial, and in light of the Debtor's previous change of principal residency from the former marital home to the Boat, the Court holds that the Debtor may properly claim a homestead exemption in the Boat, notwithstanding his temporary absence during the winter months when the Boat is in drydock. In addition, the Debtor's temporary residence on land during the winter months does not constitute an abandonment of the homestead.

The principal case relied upon by the Trustee, *In re Miller,* 103 B.R. 65 (Bankr. N.D.N.Y.1989), which applied New York law, is distinguishable on its facts. That case turned principally on the fact that the property was a vacation home not actually occupied by the debtor on a regular basis, and thus was found not to be his principal residence. *Id.* at 67. Functional and actual usage of the dwelling was the paramount concern in *Miller,* as is the case here. *Miller* noted by way of dicta that a boat or similar dwelling is not precluded from being considered a principal residence as long as it is occupied as such by the debtor. *Id.* at 67.

## V. CONCLUSION

For the foregoing reasons, the Court overrules the Trustee's objection to the Debtor's claim of homestead exemption. The Court finds that the Debtor established that the Boat was used as his homestead and that he did not voluntarily abandon it by placing it in drydock and residing elsewhere on land during the winter season.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.