**In re Joyce OWENS, Debtor.**

**No. 01 B 25898.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Nov. 27, 2001.

---

**10.** This decision has been expedited per the    request of Green.  [Doc. No. 52]

Lauren Newman, Walinski & Trunkett, P.C., Chicago, IL, for Movant.

Dennis G. Knipp, Niles, IL, for Respondent.

Marilyn O. Marshall, Chicago, IL, Chapter 13 Trustee.

### *MEMORANDUM OPINION*

JOHN H. SQUIRES, Bankruptcy Judge.

These matters come before the Court on the objection of U.S. Employees Credit Union (the "Credit Union") to the claim of homestead exemption by Joyce Owens (the "Debtor") pursuant to 11 U.S.C. § 522(b)(1) and Federal Rule of Bankruptcy Procedure 4003(b) and on the objection of the Credit Union to confirmation of the Debtor's plan. For the reasons set forth herein, the Court overrules the objections.

## I. *JURISDICTION AND PROCEDURE*

The Court has jurisdiction to entertain these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings under 28 U.S.C. § 157(b)(2)(B) and (L).

## II. *FACTS AND BACKGROUND*

The Debtor filed a Chapter 13 bankruptcy petition on July 24, 2001. On her Schedule C–Property Claimed as Exempt, the Debtor claimed a homestead exemption pursuant to 735 ILCS 5/12–901 in the amount of $7,500.00 for the property located at 2024 South 4th Avenue, Maywood, Illinois (the "Property"). The Debtor purchased the Property in 1998. The Debtor testified at the 11 U.S.C. § 341 meeting of creditors that she did not reside at the Property on the date of the filing of the bankruptcy petition. Rather, she stated that she had been residing in Louisiana since January 2000. The Debtor testified that she is caring for her terminally ill, elderly mother in Louisiana, and she will remain there as long as necessary for that purpose. Moreover, according to her testimony and the Schedules, the Debtor is currently employed as a nurse at Minden Medical Center in Minden, Louisiana.

The Credit Union is the holder of an unsecured claim in the amount of $1,648.00. On September 14, 2001, the Credit Union filed the instant objections to the Debtor's claimed homestead exemption and to confirmation of the plan. The Credit Union contends that the Debtor is not entitled to claim the Property as her homestead because she was not occupying the Property as her homestead, and is not currently residing in the premises and has not regularly resided there for some time. Rather, the Credit Union maintains that the Debtor has abandoned her homestead.

Therefore, the Credit Union argues that the Debtor's plan must provide for an increased percentage or dividend payment to the unsecured creditors in the sum of $7,500.00 and objects to the ten percent dividend to unsecured creditors.

## III. *APPLICABLE STANDARDS*

Under the Bankruptcy Code, either the applicable state or the federal exemptions may be selected pursuant to 11 U.S.C. § 522, unless a state chooses to "opt out" of the federal exemption scheme. *See* 11 U.S.C. § 522(b)(1). Illinois "opted out" of the federal exemptions. *See* 735 ILCS 5/12–1201. The Illinois statute that sets forth the exemption of homestead provides in relevant part:

> Every individual is entitled to an estate of homestead to the extent in value of $7,500 of his or her interest in ... *property, owned* or rightly possessed by lease or otherwise *and occupied by him or her as a residence....* That homestead and all right in and title to that homestead is exempt from attachment, judgment, levy, or judgment sale for the payment of his or her debts or other purposes....

735 ILCS 5/12–901 (emphasis supplied).

Illinois exemption statutes are to be liberally interpreted in favor of the debtor. *In re Barker,* 768 F.2d 191, 196 (7th Cir.1985). The Illinois estate of homestead is a possessory right. *In re Szekely,* 936 F.2d 897, 901 (7th Cir.1991). A debtor's exemption rights are determined as of the date the bankruptcy petition was filed. *See* 11 U.S.C. § 522(b)(2)(A); *In re Starr,* 123 B.R. 314, 316 (Bankr.S.D.Ill.1991); *In re Summers,* 108 B.R. 200, 203 (Bankr.S.D.Ill.1989).

Federal Rule of Bankruptcy Procedure 4003(c) governs hearings on disputed claims of exemption and objections thereto. Bankruptcy Rule 4003(c) expressly

places the burden of proof on the objecting party to prove the exemption is not properly claimed. FED. R. BANKR. P. 4003(c). The Credit Union, as the objecting party, has the burden of proving by a preponderance of the evidence that the exemption is not properly claimed. *See In re Moneer*, 188 B.R. 25, 28 (Bankr.N.D.Ill. 1995) (citations omitted); *In re Ritter*, 190 B.R. 323, 325–26 (Bankr.N.D.Ill.1995). The Credit Union contends that the Debtor's situation is analogous to the facts in the *Moneer* case, in that the Debtor has effectively abandoned the claimed Illinois homestead by her protracted and indefinite relocation to Louisiana.

■ The right of homestead is created by statute, not founded in common law. *Bank of Illmo v. Simmons*, 142 Ill.App.3d 741, 744, 97 Ill.Dec. 4, 492 N.E.2d 207, 211 (5th Dist.1986). The purpose of the estate of homestead and the exemption is to secure the debtor and his family the necessary shelter from creditors. *Id.* at 745, 97 Ill.Dec. 4, 492 N.E.2d 207.

■ One way for the homestead exemption to be lost, other than by conveyance or release, is by abandonment. *Moneer*, 188 B.R. at 27 (citation omitted). Generally, a removal from the homestead premises will be taken as an abandonment unless it clearly appears that there was an intention to return and occupy them. *Id.* (citations omitted). " 'Whether one entitled to a homestead may be said to have abandoned it by moving away from it is a matter largely of intention to be determined from the facts of each case.' " *Moneer*, 188 B.R. at 27 (*quoting Rasmussen v. Rasmussen*, 368 Ill. 137, 140, 13 N.E.2d 166, 168 (1938)). A person's intention on the question of returning to the homestead may be shown by acts or words, or both, and the mere statement or testimony of the claimant that he intended to return to the homestead does not constitute conclu-

sive proof of such intention. *Id.* Such intention to return must be unequivocal—equivocal intention to return is not sufficient. *Id.* A mere temporary absence for any cause deemed sufficient with the intention of returning, however, will not forfeit the right. *See Dixon v. Moller*, 42 Ill.App.3d 688, 691, 1 Ill.Dec. 411, 356 N.E.2d 599, 603 (5th Dist.1976).

■ The court in *Lehman v. Cottrell*, 298 Ill.App. 434, 19 N.E.2d 111 (2d Dist. 1939), defined the loss of the homestead exemption by way of abandonment:

> It is generally recognized that a claimant for purposes of health, pleasure, business, or for any cause he may deem sufficient, may absent himself from the homestead without forfeiting his homestead rights, and the opinion sustained by the greater number of authorities is, that when no new homestead has been acquired, absence from the old one, *unless for an extended period of time,* does not create a presumption of abandonment.

*Id.* at 113–14 (emphasis supplied). Removal from the homestead with the intent of returning does not constitute an abandonment. *See Kenley v. Hudelson*, 99 Ill. 493, 500–01 (1881); *Wiggins v. Chance*, 54 Ill. 175, 178 (1870).

■ Under Federal Rule of Bankruptcy Procedure 9017, the Federal Rules of Evidence apply to this contested matter. Federal Rule of Evidence 301 provides in pertinent part that in civil proceedings not otherwise provided for by federal statute or the rules of evidence, "a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof ... which remains ... upon the party on whom it was originally cast." FED. R. EVID. 301. Moreover,

Federal Rule of Evidence 302 states that "the effect of a presumption respecting a fact which is an element of a claim ... as to which State law supplies the rule of decision is determined in accordance with State law." FED. R. EVID. 302. Thus, although the Credit Union has the burden of proof as mandated by Bankruptcy Rule 4003(c), the Debtor has the burden of coming forward with unequivocal evidence to rebut the presumption that when she removed herself from the Property in January 2000, she left without any intention of returning and thereby abandoned her estate of homestead in the Property. *See, e.g., Moneer*, 188 B.R. at 28.

## IV. *DISCUSSION*

The facts in this case present a rather unique and unfortunate scenario. The Debtor's extended period of non-occupancy of the Property, since January 2000, is solely the result of her caring for her sick, elderly mother (she is over 80 years old) in Louisiana who suffers from, among other conditions, Alzheimer's disease. The Debtor testified that when she went to care for her mother she only took her necessary clothing. She left behind her furniture, appliances, other clothing and personal belongings at the Property. Currently, the Debtor's son and his family live in the Property and assist her with its maintenance and upkeep. The Debtor pays the mortgage on the Property. The Debtor stated that in the year 2001, she has periodically returned to the Property five times to date, and intends to retire at the Property when she is able.

The Debtor testified that her residence and employment in Louisiana is not on a permanent basis. Rather, she stated that her intention is to be absent from the Property only during her mother's illness, and she plans to return to the Property. The Debtor also testified that the family cannot afford to place her mother in a nursing home for care, and that her mother is unable to live alone. The Debtor, as a licensed practical nurse, is the most qualified and only member of the family who is able to help care for her mother.

The Debtor has obtained employment in Louisiana because she was unable to maintain the costs of the Property and her living expenses in Louisiana. Initially, she was living with her mother, but has moved in with her brother and pays him approximately $600.00 per month in rent. The Debtor further testified that she does not have an ownership interest in her brother's property in Louisiana. The Debtor obtained a Louisiana driver's license in order to obtain car insurance on her vehicle.

Pursuant to the Seventh Circuit's directive in the *Barker* case to liberally interpret exemption statutes in favor of debtors, as well as the evidence adduced, the Court holds that the Debtor has properly made a claim of homestead exemption in the Property. The Court finds that the Debtor has not lost the homestead exemption by way of abandoning the Property, as the Credit Union argues. The Court further finds that the Debtor's absence from the Property is only temporary, albeit for an extended time, and not on a permanent basis so as to constitute an abandonment of the homestead.

Based on the Debtor's unrebutted testimony, the Court finds that the Debtor intends to return to the Property once her mother's health stabilizes. The Debtor's temporary absence from the Property for the purpose of caring for her mother, though indefinite, does not constitute an intentional abandonment of her homestead. The Debtor has not established a new homestead in Louisiana. Rather, she is staying with her brother on a temporary basis while she cares for her mother.

Moreover, the fact that she obtained employment in Louisiana does not mean that she abandoned her homestead in Illinois. The Debtor testified that she had to gain employment in order to pay for the costs of the Property, as well as her living expenses in Louisiana while she cares for her mother. The Debtor has retained contact with her former employer in Illinois and has manifested an intent to return to that employment on a permanent basis.

While it is undisputed that the Debtor did not physically reside in and occupy the Property at the time of the bankruptcy filing, the circumstances which required the Debtor to go to Louisiana to care for her ill mother do not conclusively compel a finding that the Debtor has, ipso facto, permanently abandoned her homestead in the Property. The Court declines to find an effective abandonment of the homestead on the unique facts and evidence here. Debtors who, for compelling personal reasons, care for sick or disabled family members for an indefinite period of time should not automatically lose or abandon their homestead exemption. The evidence adduced demonstrated that the Debtor intends to return to the Property permanently.

Furthermore, the Court disagrees with the Credit Union's argument that because the Debtor has been absent from the Property for extended periods of time, she does not "occupy" the Property as her residence pursuant to the Illinois statute. The Court agrees with the Debtor's argument that occupancy may be constructive as well as actual. *See, e.g.,* 4 L King, *Collier on Bankruptcy* ¶ 522.10[2] at 522–71 (15th ed.2001). This is because the Debtor's testimony is unrebutted that her furniture, appliances and most of her personal property remain at the Property; she periodically returns there; she continues to service the mortgage encumbering the Property; and she unequivocally stated her intent to return to and ultimately retire in the Property. It is not necessary that a claimant personally reside upon the homestead in order to hold it under the statute. *Kawszewicz v. Kawszewicz,* 385 Ill. 461, 470, 53 N.E.2d 386, 390 (1944). This result is in contrast to the situation where there is a voluntary abandonment of the property without any intention of returning. *McBride v. Hawthorne,* 268 Ill. 456, 460, 109 N.E. 262, 263–64 (1915). Rather, this case is more similar to the temporary absence found in *Lynn v. Sentel,* 183 Ill. 382, 389, 55 N.E. 838, 841 (1899). The requisite intent to abandon is not present in this matter. Thus, the Court rejects the Credit Union's argument.

Accordingly, the Court overrules the Credit Union's objections to the Debtor's claim of homestead exemption in the Property and confirmation of the Debtor's plan.

## V. CONCLUSION

For the foregoing reasons, the Court overrules the objections of the Credit Union to the Debtor's homestead exemption and to confirmation of the plan.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.